[No. 2955.   March 18, 1925.]

## STATE v. DAVIS

### SYLLABUS BY THE COURT

1.   Evidence of specific acts of violence on the part of deceased, brought to the knowledge of the accused claiming self-defense in a homicide case, offered as bearing upon the question of the apprehensions of the accused for his life, erroneously excluded, following State v. Ardoin, 28 N. M. 641, 216 P. 1048.

2.   In a homicide case, self-defense being claimed, and it being the theory of the state that defendant knew the whereabouts of the deceased and entered the room with pistol in hand, and immediately fired the fatal shot without assault or demonstration by the deceased, evidence properly received that defendant's wife had been in the room, had seen the deceased and had left there just before the shooting, and that she reappeared at the scene shortly thereafter, and the defendant then told her that deceased would never insult her again.

3.   In a homicidal case, self-defense being claimed, evidence that defendant had previously told the district attorney of the danger he apprehended from deceased, his reasons therefor, and had notified him that he was carrying a pistol because thereof, properly excluded as self-serving.

Appeal from District Court, Lincoln County; Ed Mechem, Judge.

Robert R. Davis was convicted of murder in the second degree, and he appeals.   Reversed and remanded.

W. C. Merchant, of Carrizozo, and A. B. Renehan, of Santa Fe, for appellant.

J. W. Armstrong, Atty. Gen., and James N. Bujac, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

WATSON, J.   Robert R. Davis appeals from a judgment upon conviction of murder in the second degree for the killing of James T. Stone.   The homicide

was admitted, and sought to be justified as committed in self-defense.

There had been a previous encounter between the parties in which the deceased had shot the appellant. There was evidence of threats made by deceased against the life of the appellant, some of which were communicated. There was evidence, also, that the deceased had a bad reputation as a violent, turbulent, and dangerous man. There was evidence tending to show menacing conduct of the deceased toward the appellant at times when they met after the first encounter, including occasions when appellant, on his own premises, discovered the deceased closely observing and scowling at him through an opening in the fence of an adjoining back yard, not the premises of the deceased.

[1]   1. Appellant testified on his own behalf, and, while on the stand, the following occurred:

"Mr. Renehan: Before Dr. Davis leaves the stand I desire to lay before the court for a ruling the following proposition which the court has intimated to me he will not permit me to show. I desire to show by Mr. Davis that during all of the time that he lived at Corona, and prior to the shooting of November 8, 1921, he knew by general repute in that community and not by personal observation or actual knowledge, that Dr. Stone had beaten up the man Abran Miller over the head with a gun; that he chased a young man named Oliver Parker across the street of the town of Corona and toward the depot with a pistol in his hand; that he had chased a boy or man named Cox, a boy named Cox, and a man named Clay through the streets of the town of Corona. Clay with a knife and Cox with a pistol, and another man whom I don't recall, but this evidence I desire to offer for the purpose of showing specific acts of violence and threats and conduct on the part of the deceased coming to the knowledge of the defendant in the way I have stated for the purpose of showing justification for fear on the part of the defendant at the time of the November shooting when taken in connection with the other facts and circumstances relating to the transaction and the dealings of the men together as described in the evidence of this defendant.

"Mr. Newell: The state objects to said offer for the reason that the matters proffered do not tend in any way to prove the issues involved in the trial of this case and for the further reason that particular acts or form of conduct on the part of the deceased and difences against the law committed by him are inadmissible for the reason they are incompetent, irrevelant, and immaterial.

"The Court: Objection sustained."

Appellant assigns error upon this ruling, citing State v. Ardoin, 28 N. M. 641, 216 P. 1048, decided since the trial of the case now under consideration. That case clearly established, as the law of this jurisdiction, that where the question of anticipated danger to life is present, the defendant is not limited to proof of general reputation of the deceased, but may, within a reasonable discretion, show specific acts of violence of which he has been informed. As defining and limiting this reasonable discretion, it was laid down by Mr. Justice Botts in his able and well-considered opinion:

"It strikes us that the true guide should be a reasonable discretion, and whenever the specific act, by reason of its character, or its relationship in time, place or circumstance to the other facts in the case, would legitimately and reasonably either affect the defedannt's apprehensions, or throw light on the question of aggression, or upon the conduct or motives of the parties at the time of the affray, it should be admitted.'

The Attorney General contends that the offer of proof invoked the discretion of the trial court, who must be presumed to have exercised his discretion upon a fair consideration of all the attending circumstances. We think, however, that the offer, the state's objection thereto, and the ruling indicate, rather, a failure to exercise or recognize this discretion, and the adoption of the view presented in the state's objection, namely:

"That particular acts or form of conduct on the part of the deceased and offenses against the law committed by him are inadmissible for the reasoni they are incompetent."

In this connection it may be well to observe that the question has been raised in argument, and we do not decide as to the technical sufficiency of the offer. It is clear from the whole record that appellant claimed the right to show specific acts of violence on the part of the deceased coming to his knowledge, and, with other circumstances, causing him to be apprehensive for his life. This right was denied, apparently, as one not existing in any case or under any circumstances, all assuming the sufficiency of the offer.

It is also contended that the offer did not bring the proposed evidence within the rule, because there was a failure to show the time relationship of the specific acts to the other facts in the case. Most of the specific acts of violence of which appellant sought to show knowledge occurred, according to the offer, at Corona. The deceased had resided there 10 or 12 years, appellant had been there but two years; hence the acts must have occurred within 10 or 12 years, and must have been the subject of rumor or comment within 2 years. In the Ardoin Case, the specific act excluded occurred 6 years before the homicide, and was in nowise connected with the defendant. For those reasons it was intimated that if that act had stood alone, it might not have been error to exclude it, but, after reviewing other facts and circumstances, including other specific acts of violence, the court concluded that the one circumstance excluded might have led the jury to a different conclusion.

The Attorney General alludes to the fact that in the Ardoin Case the so-called "shotgun instruction" was made use of, while in this case it was not. This, however, was evidently referred to in the opinion merely as a circumstance showing that the facts made a close case in the minds of the jury, and that the excluded evidence might have turned the scales the other way. On the other hand, the exclusion of the evidence in the present case was much more damaging to the defense than that held erroneous in the Ardoin Case. In that case defendant was permitted to testify to the fact that the deceased had confided to him that the act of violence in question. The error lay in the exclusion of the testimony of a witness to the effect that the deceased had told him the same incident. The defendant was deprived merely of the right to have his own testimony corroborated. In the present case, the facts themselves were kept from the jury. In that case, other specific acts of violence were allowed to be shown. In the present case all evidence of five specific acts was excluded entirely, and the appellant restricted to the proof of general reputation.

Between the present case and the Ardoin Case there is no distinction in principle, and, as indicated, we think that the facts in this case appeal much more forcibly to that reasonable discretion which is established as the true guide. We conclude, therefore, that appellant was entitled to the benefit of the offered testimony, and that it was error to reject it.

[**2**]  2. The homicide occurred in a butcher shop very near the residence of the appellant. A witness for the state testified that the deceased was in the shop on business; that while he was there the wife of the appellant came in, made a purchase and left, and ·that, directly following her leaving, appellant entered the door of the shop with gun in hand and commenced shooting at the deceased. Appellant moved to strike the testimony concerning Mrs. Davis because it could lay the ground for nothing but speculation unless connected with something material. Counsel for the state announced an intention to connect it, and thereupon the motion was by the court ''overruled at this time.'' This witness thereafter testified that very soon after the homicide appellant's wife again appeared at the scene of the difficulty, and that appellant stated to her, in substance, that the deceased would never insult her again. At the conclusion of the state's case the appellant moved that ''the testimony with reference to Mrs. Davis having come into the butcher shop be stricken on the ground that it is incompetent, irrelevant and immaterial, as of no probative force, and can only tend to prejudicial argument.'' Again the motion was ''overruled at this time.'' It was not thereafter renewed.

The circumstance sought to be excluded had some bearing upon the state's theory that appellant knew of the whereabouts of the deceased and came to the place determined to kill him. This circumstance, together with the other circumstances supporting that theory, was a proper matter for consideration by the jury, and the motion was therefore correctly overruled.

[**3**]  3. Appellant offered to prove by his own testimony that some time before the homicide he had told

the district attorney of the danger he apprehended from the deceased, and of his reasons for such apprehensions, and had notified the district attorney that he was carrying a pistol because thereof. In making the offer, counsel disavowed any purpose to claim or show a right to carry arms obtained by the appellant from the district attorney, and expressly limited the application of the proposed proof to a showing of good faith, a lack of malice, explanation of the possession of the pistol, and the emergency existing justifying his being armed. The state objected upon the ground that the offered testimony was self-serving. This objection was sustained, we think, properly. State v. Ardoin, supra.

After the conviction, appellant made a motion for a new trial, upon the overruling of which numerous errors are assigned, but which, in view of our disposition of the case, we need not consider. Other assignments are argued upon the reception and exclusion of evidence, and upon the giving or refusal of instructions, all of which have been considered and are deemed either without merit, or to involve questions not likely to arise at another trial.

For the error pointed out the judgment will be reversed, and the cause remanded for a new trial; and it is so ordered.