453 P.2d 764

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Manuel APODACA, Defendant-Appellant.**

**No. 268.**

Court of Appeals of New Mexico.

April 11, 1969.

Norman D. Bloom, Jr., Alamogordo, for defendant-appellant.

James A. Maloney, Atty. Gen., Justin Reid, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of sexual assault upon a four year old female child. Section 40A–9–9, N.M.S.A.1953 (Repl.Vol. 6). The issues are: (1) whether defendant was entitled to a free transcript of a preliminary hearing, (2) whether testimony as to the child's statements was admissible under the res gestae rule and, (3) fundamental error.

*Whether defendant was entitled to a free transcript of the preliminary hearing.*

Paragraph "First" of § 41–3–8, N.M.S.A. 1953 (Repl.Vol. 6) provides for a transcript of the testimony of witnesses at a preliminary hearing. Such a transcript may be requested by either the prosecuting attorney or the defendant. The transcript is to be filed with the clerk of the district court and "* * * may be used for impeachment purposes. * * *" The county is not liable for the expense of the transcript unless the transcript is ordered by the prosecuting attorney.

■ Under this statute, a defendant may obtain a transcript of preliminary hearing testimony by requesting it and paying for it. Defendant neither requested nor paid for such a transcript. A transcript of a preliminary hearing was prepared at the request of the District Attorney. Defendant claims he was entitled to a free copy of the transcript. He does not claim that § 41–3–8 (First), supra, gave him such a right. His claim is based on his asserted indigency.

In criminal trials, a State cannot discriminate against a defendant on account of his poverty. Such discrimination would be a denial of equal protection of the law. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956). Thus, if the defendant is indigent, the State may not deny a defendant a free transcript of the testimony at a preliminary hearing. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); People v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S.2d 226, 224 N.E.2d 730 (1966).

In stating this rule, neither Roberts v. LaVallee, supra, nor People v. Montgomery, supra, discussed circumstances that would limit its application. Compare the dissenting opinion of Justice Harlan in Roberts v. LaVallee, supra. Asserting that the rule is applicable, defendant contends the trial court erred in denying his request for a free transcript of a preliminary hearing. We disagree. The circumstances of this case are such that the trial court did not err in denying the request.

The circumstances are:

(a) A criminal complaint charged defendant with rape of a child contrary to § 40A–9–4, N.M.S.A.1953 (Repl.Vol. 6). On the basis that he was an indigent, two attorneys were appointed to represent him on this charge. A preliminary hearing was held. Defendant was bound over to the District Court. A criminal information was then filed charging defendant with violating § 40A–9–4, supra. Defendant was arraigned, pled not guilty and a trial was set for February 6th.

(b) On February 5th an amended criminal information was filed. This amended information did not charge defendant with rape of a child. It charged defendant with sexual assault in violation of § 40A–9–9, supra.

(c) On the February 6th trial date, new counsel entered an appearance for defendant and moved for a continuance in order to give the new attorney time to prepare for trial. On the same date, the trial court's order continued the case for arraignment on the amended information, discharged the court appointed attorneys and stated that the new attorney was defendant's attorney of record. This order recites that the court appointed attorneys were given permission "* * * to turn their files over to his (defendant's] employed counsel, excepting the transcripts of testimony of the preliminary hearing which are held in the custody of the Court until receipt of payment of the

same; * * *" Upon such payment the clerk was ordered to make the transcript available to defendant or his attorney [the employed counsel].

(d) On February 12th the trial court remanded the case to the Justice of the Peace Court for a preliminary hearing on the amended information.

(e) On April 16th, defendant and employed counsel appeared before the District Court and waived a preliminary hearing on the amended information. In so doing, employed counsel stated:

"Since he's [defendant] already had a preliminary hearing on the greater charge, we feel that a lesser—another preliminary hearing wouldn't serve any purpose, so, we would waive a preliminary hearing on the reduced charge."

Also:

"* * * I have come into some rather extensive notes made by Defendant's previous attorneys at the preliminary hearing [on the rape charge]. I have also had a chance to discuss this with several witnesses. We feel another preliminary would not yield any additional information; that's why we waive it at this time."

Defendant was then arraigned and pled not guilty. Trial was set for May 20th.

(f) On the trial date, defendant asked that he be furnished a copy of the transcript of the preliminary hearing. His counsel represented to the court that he had been retained by a member of defendant's family; that defendant was an indigent; that since defendant had court appointed counsel at the time of the preliminary he was entitled to a copy of the transcript for impeachment purposes during the trial. The request was denied.

■ One factor considered by the trial court in denying the request for the transcript was that counsel was employed counsel. Although not applicable to this case, our Indigent Defense Act recognizes that a defendant may be represented by employed counsel and still be indigent in connection with other matters pertaining to defense of the case. Section 41–22–5(C), N.M.S.A. 1953 (1968 Int.Supp.). In holding that the trial court did not err in refusing the request for the transcript, we do not consider the fact that counsel was employed counsel. Nor do we consider the fact that defendant was tried on a lesser charge and waived a preliminary hearing on the lesser charge. As to these matters we express no opinion.

The circumstances considered by us are:

1. Defendant had extensive notes of the preliminary hearing and had discussed the case "with several witnesses". Defendant does not claim that the lack of the transcript hampered the preparation of the defense.

2. Although defendant claimed indigency insofar as being able to pay for the transcript, he made no reasonable showing in support of this claim. The record shows the conclusion of indigency by defendant's counsel and nothing more. Compare State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966).

3. Defendant knew on February 6th that the trial court would require payment for the transcript. He did not claim indigency until the morning of the trial on May 20th. Any inquiry by the court into the question of indigency, see State v. Anaya, supra, would result in a delay of the trial. Thus the claim was not timely. Compare People v. Montgomery, supra.

■ Under these circumstances, the failure to furnish defendant a free transcript of the testimony at the preliminary hearing did not deprive defendant of equal protection of the law.

In so holding, we do not overlook the fact that the transcript had been prepared at the request of the District Attorney and thus paid for with public funds. Nor do we overlook the fact that the transcript was in the court file and available for use at the time the request was made. In our opinion it would have been better administration to have granted the request. We do not condone the trial court's refusal of the request. Nevertheless, under the cir-

cumstances of this case, refusal of the request did not amount to legal error.

*Admissibility of the child's statements under the res gestae rule.*

The child's mother and the mother's sister discovered defendant in bed with the four year old child. Both defendant and child were asleep. The mother grabbed defendant and the mother and her sister started hitting defendant until he ran out of the house. During this commotion the child woke up. Within "a few minutes" the child said "Manuel, [the defendant] made me." The child was taken to the hospital for an examination. "Right before" she was taken to the hospital the child said "Manuel, stuck a nail in me." The evidence would support a determination that this second statement was made within forty-five minutes after defendant was discovered with the child.

The child did not testify. The mother testified as to both of the child's statements; the sister as to the first of the statements. Defendant contends this testimony was erroneously admitted because hearsay and not admissible under the res gestae rule. He claims the statements were contemporaneous with awakening because of the noise of the altercation and are not contemporaneous with a shocked condition resulting from sexual assault before the child went to sleep.

 Defendant relies on State v. Godwin, 51 N.M. 65, 178 P.2d 584 (1947). The case is authority against defendant's claim. In *Godwin* a three and one-half year old child had been sexually assaulted. The decision discusses the basis for admission of testimony under the res gestae exception to the hearsay rule. The decision states:

"* * * the element of spontaneity is not to be determined by time alone. It is sufficient for the statement to be substantially contemporaneous with the shocked condition, but not necessarily with the startling occurrence. * * *"

The evidence shows that upon awakening the child was crying and "looked scared"; that her statements were made while in this condition. Thus, the trial court could rule that the statements were contemporaneous with the shocked condition and were spontaneous. The fact that the statements were not contemporaneous with the actual assault did not bar testimony as to what the child said. See Annot., 19 A.L.R.2d 579, 599, 600 (1951).

*Fundamental error.*

Defendant contends there is fundamental error because the evidence is insufficient to show the child was sexually assaulted. Having reviewed the record, we disagree. There is no need to summarize the testimony.

Instead of an absence of evidence, there is substantial evidence of sexual assault. There is no basis for the claim of fundamental error. See State v. Tapia, 79 N.M. 344, 443 P.2d 514 (Ct.App.1968).

The judgment and sentence are affirmed. It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.