497 P.2d 755

STATE of New Mexico, Plaintiff-Appellee,

v.

Billy Joe HUNT and Charles E. Taylor,
Defendants-Appellants.

No. 793.

Court of Appeals of New Mexico.
April 7, 1972.
Certiorari Denied May 15, 1972.

Jerome D. Matkins, Carlsbad, for appellant Billy Joe Hunt.

Donald C. Cox, Easley & Reynolds, Hobbs, for appellant Charles E. Taylor.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants appeal their conviction of larceny over $100.00 but less than $2,500.00. Section 40A–16–1, N.M.S.A. 1953 (Repl.Vol.1964, Supp.1971). Defendants assert three grounds for reversal, namely (1) "self-serving" is no longer a valid reason for exclusion of testimony or the testimony was admissible under the "res gestae" theory; (2) state witnesses were not qualified to testify as to value; and, (3) evidence of value was insufficient.

We affirm.

### SELF-SERVING AND RES GESTAE.

Defendants tendered the testimony of a witness in the following manner:

"I propose to show by this witness that the Defendant, Chuck Taylor, while this witness was at Chuck Taylor's house approximately 9:00 o'clock. October 5, 1970, that Taylor stated to this witness,

the witness, Preston Long, that Bill Hunt had bought some junk and that he, Chuck Taylor, was going to haul the junk for Bill Hunt."

The trial court disallowed the tender.

Defendants contend the tender should have been allowed on the grounds that "self-serving" is no longer a valid reason for exclusion or even if it was excludible as "self-serving" it was admissible under the res gestae rule. We disagree.

■ Defendants cite the case of State v. Wallace, 97 Ariz. 296, 399 P.2d 909 (1965) for the proposition that "self-serving" is no longer a valid reason for exclusion of testimony. Wallace is not the rule in New Mexico. State v. Klasner, 19 N.M. 474, 145 P. 679 (1914) explains the reasons for the New Mexico rule, and states the rule to be: "* * * declarations made by a defendant in her own favor, unless a part of the res gestae * * * are not admissible for the defense. * * *" See also State v. Russell, 37 N.M. 131, 19 P.2d 742 (1933); State v. Davis, 30 N.M. 395, 234 P. 311 (1925).

■ Defendants assert that the statements were part of the res gestae. We disagree. As quoted in State v. Apodaca, 80 N.M. 244, 453 P.2d 764 (Ct.App. 1969) from State v. Godwin, 51 N.M. 65, 178 P. 2d 584 (1947):

"* * * the element of spontaneity is not to be determined by time alone. It is sufficient for the statement to be substantially contemporaneous with the shocked condition, but not necessarily with the startling occurrence. * * *"

Although time alone does not determine the spontaneity, in the instant case the tendered statement took place sometime prior to the taking of the scrap metal. Further, we find nothing in the testimony to show that there were statements contemporaneous with a shocked condition which were spontaneous, which is essential to the res gestae rule. State v. Apodaca, supra.

## EXPERT TESTIMONY AND EVIDENCE OF VALUE.

■ Defendants contend the two state witnesses were not qualified to testify as to the value of the scrap metal. We disagree.

One witness testified he had nine years experience in the scrap iron and metal business. He also testified that he was familiar with the prices in the local area and could give an opinion as to fair market value. The other witness testified he had been in the scrap metal business for fifteen years and was familiar with the reasonable market value of the scrap metal in the local area.

Both witnesses had a knowledge of the fair market value of scrap metal based upon experience in the business of buying and selling scrap metal. See State v. Williams, 83 N.M. 477, 493 P.2d 962 (Ct.App. 1972). The witnesses were qualified as experts and they gave their opinion as to fair market value. Defendants' contention that one of the witnesses was not qualified to testify because he had not dealt with a similar type of scrap metal is without merit. The witness gave his opinion as to the value of the metal as scrap without regard to the type of metal involved. Further, it was the trial court's responsibility to determine whether the witnesses were qualified to testify as experts. There is no showing that the trial court abused its discretion in admitting the testimony challenged by defendants. State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966).

■ Defendants further contend the evidence of value was insufficient. We disagree. Both witnesses testified as to a fair market value in excess of $100.00. This is substantial evidence to support their conviction.

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.