504 P.2d 22

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Wes MOTTOLA, Defendant-Appellant.**

**No. 939.**

Court of Appeals of New Mexico.

Nov. 22, 1972.

Roy G. Hill, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

The defendant was convicted and sentenced for assault. Section 40A–3–1(A)(B), N.M.S.A.1953 (2nd Repl.Vol. 6). Defendant waived trial by jury, and trial was had before the court. Defendant appeals.

We affirm.

Defendant claims the trial court erred because (1) the admission of testimony of events and declarations immediately after the assault were improper; (2) there is no substantial evidence to support the verdict; (3) the condition imposed for a suspended sentence was an abuse of discretion.

(1) *Admission of Testimony Under Res Gestae Rule.*

As a result of the assault, the prosecuting witness fell down a stairway at the Museum of New Mexico building.

Over objection, the trial court allowed this witness to testify that defendant ran after him down the stairway and tried to kick him. In trying to get away, this wit-

ness testified that he rolled the rest of the way down to the landing.

Over objection, the trial court allowed two witnesses present on the ground floor to testify about declarations made by defendant and his wife immediately after the defendant and the prosecuting witness were on the first floor of the building. The prosecuting witness was shocked and did not hear the statements made. The defendant was heard by others to say: "[L]eave him alone, I am going to beat the devil out of him or beat the hell out of him * * *." Defendant's wife was heard to say: "Wes, leave him alone."

■ These statements were spontaneous and instinctive in character, and, therefore, credible and admissible in evidence to prove the facts contained in them. They were admissible under the res gestae rule because they were made at a time closely connected with the offense. State v. Sanford, 44 N.M. 66, 97 P.2d 915 (1939); State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938).

As stated in State v. Hunt, 83 N.M. 753, 497 P.2d 755 (Ct.App.1972) and State v. Apodaca, 80 N.M. 244, 453 P.2d 764 (Ct. App.1969):

"* * * the element of spontaneity is not to be determined by time alone. It is sufficient for the statement to be substantially contemporaneous with the shocked condition, but not necessarily with the startling occurrence. * * *"

Defendant contends the testimony admitted over his objections does not come within the res gestae exception to the hearsay rule as set forth in State v. Godwin, 51 N. M. 65, 178 P.2d 584 (1947). We disagree. The test as set forth in *Godwin* is as follows:

"First. 'There must be some shock, startling enough to produce this nervous excitement and render the utterance spontaneous and unreflecting.'

"Second. 'The utterance must have been before there has been time to con-

trive and misrepresent, i. e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance.'

"Third. 'The utterance must relate to the circumstances of the occurrence preceding it.'"

The testimony objected to fulfilled the requirements set forth in *Godwin* and was properly admissible.

(2) *Substantial Evidence to Support the Verdict.*

■ Defendant attacks the sufficiency of the evidence. We have reviewed the record and find substantial evidence to support the trial court's judgment. State v. Hunt, 83 N.M. 546, 494 P.2d 624 (Ct. App.1972).

(3) *The Conditions Imposed for a Suspended Sentence.*

On January 18, 1972, judgment and sentence were entered in which defendant was fined $100.00 and confined in the county jail for 60 days. The 60 day jail sentence was suspended upon condition that defendant reimburse the person assaulted for the cost of one pair of orthopedic shoes and an amount equal to the person's salary for the period he was unable to work.

On February 9, 1972, defendant filed notice of appeal.

On May 9, 1972, the trial court entered an order nunc pro tunc that, as a condition of the suspended sentence, defendant pay the person assaulted the sum of $883.56. This order was approved by the state and the defendant.

■ Defendant contends that he cannot be assessed damages because it involves the issue of proximate cause of damages which a judge in a criminal matter cannot determine.

The issue is: Under § 40A–29–18(B), N.M.S.A.1953 (2nd Repl.Vol. 6), can the trial court condition a suspended sentence by requiring defendant "to make restitution or reparation to aggrieved [party] for actual damages or loss caused by the crime

for which conviction was had"? The answer is "yes." The foregoing is the language of the statute.

Affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.