570 P.2d 39 (1977)
91 N.M. 35
STATE of New Mexico, Plaintiff-Appellee,
v.
Lonnie DURAN, Defendant-Appellant.
No. 2994.
Court of Appeals of New Mexico.
August 23, 1977.
Writ of Certiorari Denied September 22, 1977.
Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Carol A. Koller, Asst. Public Defender, Santa Fe, for appellant.
Toney Anaya, Atty. Gen., Dennis P. Murphy, Ernesto J. Romero, Asst. Attys. Gen., Santa Fe, for appellee.

OPINION
WOOD, Chief Judge.
Convicted of armed robbery, defendant appeals. Section 40A-16-2, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp. 1975). We discuss: (1) denial of fees for expert witnesses; (2) evidence of a firearm; and (3) enhanced sentence for use of a firearm.

Denial of Fees for Expert Witnesses
Defendant filed pretrial motions for the expenditure of public funds to pay for the services of a polygraph examiner and a psychology professor. The trial court's order provides:
"IT IS THEREFORE ORDERED that the Defendant's Motions for a Polygraph *40 Expert Witness and for Expert Witnesses on eyewitness identification be, and the same hereby are granted provided that funds for the payment of such Experts, if needed, be obtained from sources either private or public other than the District Court Funds of the Second Judicial District."
Defendant's complaints concerning this order are answered in State v. Duran (Ct. App.), N.M., 570 P.2d 36 filed August 9, 1977. There, as here, district court funds were unavailable to pay the experts' fees. There we stated:
"The State did not deny defendant the use of expert witnesses absent a showing that public funds were unavailable to pay the experts. Since the trial court granted both motions and, since defendant made no showing that funds were unavailable from two appropriations [court administrator and public defender] bearing on the subject, there is no showing that defendant's constitutional rights were violated."
We further stated in State v. Duran, supra:
"When the trial court ruled that its budget for these expenses was exhausted, it was defendant's obligation, as the movant for expenditure of public funds, to show that funds appropriated to the court administrator were not available."
In this case the public defender stated: "There are no public funds available, as I understand." This statement of counsel does not amount to a showing that public funds were unavailable. The statement was not evidence and defendant offered no evidence on the availability of public funds. The unavailability of public funds as a fact was not established. Compare State v. Paul, 82 N.M. 619, 485 P.2d 375 (Ct.App. 1971).

Evidence of a Firearm
The charge was armed robbery by use of a firearm. Defendant sought a directed verdict on the armed robbery charge, contending that only robbery should be submitted to the jury. Defendant contends it was error to deny his motion. His view is that the evidence was sufficient to show robbery while armed with a deadly weapon. However, since the robbery charged was by use of a firearm, he claims that proof is required that the firearm was capable of discharging shot. Assuming, but not deciding, that defendant's contention is correct, the victim's testimony was evidence justifying submission of whether a "real gun" was used.

Enhanced Sentence for Use of a Firearm
The current version of § 40A-29-3.1, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp. 1975) refers to a "separate finding of fact" that a firearm was used. Paragraph C reads:
"If the case is tried by a jury and if a prima facie case has been established showing that a firearm was used in the commission of the offense, the court shall submit the issue to the jury by special interrogatory."
The indictment charged use of a firearm. Compare State v. Barreras, 88 N.M. 52, 536 P.2d 1108 (Ct.App. 1975). The jury was instructed that an element of the crime was that defendant was "armed" with a firearm. However, there is no separate finding of fact that a firearm was "used"; no special interrogatory was submitted to the jury. Defendant asserts that absent such a separate finding, the enhanced sentence for use of a firearm should not have been imposed.
The State asserts that defendant waived the separate finding because defendant did not request that a special interrogatory be submitted to the jury. Certainly, defendant is not to be deemed to waive his objection to the absence of the finding by failing to request that the interrogatory be submitted to the jury. It is not defendant's obligation to see that his sentence is enhanced. The indictment shows the State sought the enhanced sentence; it was the State's obligation to request the interrogatory. It did not do so. Nor did the trial court submit the interrogatory on its own motion. An appropriate instruction and *41 form are provided in U.J.I. Crim. 50.13 and 50.14, but were not used.
The State points out that the elements instruction required the jury to determine that defendant was armed with a firearm before finding him guilty of armed robbery. The State contends that the finding of guilt necessarily determined that defendant used a firearm. One difficulty with this argument is that the State equates "armed with a firearm" with "use of a firearm". That is not necessarily true. Our answer, however, is that § 40A-29-3.1, supra, states the procedure to be followed before the enhanced sentence for use of a firearm may be imposed. That procedure was not followed.
Because the jury did not make a separate finding of fact as to use of a firearm, the enhanced sentence under § 40A-29-3.1, supra, was not proper.
The judgment and conviction for armed robbery are affirmed. The cause is remanded to correct defendant's sentence by deleting the enhanced sentence imposed under § 40A-29-3.1, supra.
IT IS SO ORDERED.
HENDLEY and HERNANDEZ, JJ., concur.