CROWNPONT DISTRICT COURT

December 2, 1982

No. CP-JV-270-82

ORDER

IN THE MATTER OF THE INTEREST OF:
D. P., a Minor.

Honorable Marie F. Neswood, Judge presiding.

NOTE ON OPINION

Initials are used for the caption of this case in order to protect the privacy of the minor involved and in furtherance of the policy that juvenile matters should be closed proceedings.

SITUATION BEFORE THE COURT

On February 28, 1982 this minor was found to have violated criminal law as a juvenile and to have committed what would otherwise have been the offenses of armed robbery, unlawful use of a deadly weapon and unauthorized use of an automobile had he been adult. The order of the same date ordered that the juvenile "make restitution to the victim in the amount of One Thousand Dollars ($1,000.00) and no/100." That order was appealed, and on August 6, 1982 the Court of Appeals dismissed the appeal for failure to comply with the Rules of Appellate Procedure.

When the case was returned to this court the child asked that the amount of restitution be reduced due to his unemployment and the failure of the victim to prove the amount of damage. On October 20, 1982 the deputy prosecutor moved the court to leave the victim to collect his damages through a separate civil action. Finally, on November 22, 1982 both the counsel for the child and the Navajo Nation entered into a stipulation asking that this action be dismissed because of unknown damage amounts, the fact restitution was not requested by the prosecution, that the amount of restitution is unreasonable and unsubstantiated and that the rules of court and the law of the Navajo Nation do not allow for restitution in juvenile cases.

WHETHER RESTITUTION IN JUVENILE CASES IS PERMITTED BY LAW

The question of whether restitution is permitted in juvenile cases is easily answered, and counsel should be ashamed to execute a stipulation agreeing there is no such law. 9 NTC Sec. 1191(6) clearly authorizes the court to "order that the child be required to make restitution for damage or loss caused by his wrongful acts." While the statute does say that the obligation to make restitution is only that of the child, it is clear the court has the power to order it.

It is of no consequence whatsoever that the prosecutor did not ask for restitution to the victim in this case. The court has the independent right and duty to do justice and to order whatever relief is appropriate and fits under the circumstances. 9 NTC Sec. 1191. As is noted below, restitution in criminal an quasi-criminal cases is also a matter of Navajo custom, and this court will require it whenever and wherever it is appropriate to the circumstances. See also 47 Am.Jur. 2d, Juvenile Courts, Sec. 31.

WHETHER THE AMOUNT OF RESTITUTION WAS UNASCERTAINED OR IMPROPER

The fixing of an amount to be paid in order to make restitution to a victim is not a civil action for damages. There need not be the quantity and kind of evidence required in normal civil actions. It is sufficient that the court have a reasonable estimate of the injury suffered by the victim and that the juvenile be given the opportunity in a disposition hearing to contest the estimate. See Shenah v. Henderson, 476 P.2d 855, 856 (1970); People v. Good, 282 N.W. 920 (Mich. 1938); State v. Mottola, 504 P.2d 22 (N.M. App. 1972); Anno: Probation-Reparation to Injured Victim, 79 ALR3d 976, Sec. 7(b).

Again, this is not a damage action or a civil action on the part of the victim. It is a disposition by the court to properly deal with a child, and as long as the court has a reasonable basis for the disposition with an opportunity for the child to dispute the amount awarded as restitution, that is sufficient.

As to the amounts to be awarded, our statute is unlike the Federal probation statute which requires that only actual damages or loss can be the subject of a restitution order. 18 U.S.C. Sec. 3651. The order may be broad under our statute, and at the very least our law means that any identifiable damage done to the victim can be ordered paid, including medical expenses, pain and suffering, loss of wages, orthopedic devices, dependent support and even "damages in general." See, Anno: Probation -Reparation to Injured Victim 79 ALR3d 976. Restitution is simply a "making good for loss or damage." Maloney and others, "Juvenile Restitution: Combining Common Sense and Solid Research to Build an Effective Program - (Part I)," New Designs for Youth Development, p.1 (Tucson, 1982).

This court has made a determination, subject to comment by the juvenile, that $1,000 is a reasonable sum of restitution to be made to the victim in this case, and the order shall stand. See, Shenah v. Henderson at p. 856, above.

THE ABILITY OF THE JUVENILE TO PAY

Again, as in the Shenah case, an Arizona criminal restitution case, the child has shown the court nothing about his ability or inability to pay. As a general matter, the court should consider the child's ability to pay prior to entering an order. Anno: Conditioning Probation upon Restitution, 73 ALR3d 1240, Sec. 3. (Requirement that court consider ability to pay in the absence of a statute so requiring). Since 9 NTC Sec. 1191(6) does not place the financial burden of paying the victim's damages upon the child's parents, it is the child who should be

examined, and the court should consider his ability to pay. The child here has only indicated he is unemployed and that, of itself, does not undermine the court's original order because the child has had an opportunity to address ability to pay.

If a court finds that a child in fact does not have the means of obtaining the money to repay the victim of the wrongful acts, then at the very least the court can consider some sort of community work to show the victim that action will be take and to teach the child that the penalty for injuring people is that the community must be paid back. See Maloney, above, p.2. The child could also be ordered to serve the victim by personal work until the value of $1,000 in services are rendered. Id.

Courts should not make ineffectual orders, especially in juvenile cases. There are a number of ways the statute permitting restitution by the child can be satisfied, and those ways will be explored in detail in juvenile cases.

## RESTITUTION UNDER NAVAJO COMMON (CUSTOM) LAW

In general Anglo-European history, the victims of crime lost their right to be paid back for a crime by the offender. Id., p. 1. Some Anglo historians argue that this was because of the need of European governments to build social unity and stop revenge, the desire of kings to take all powers to themselves and the practice of kings of taking money in the form of fines as payment to protect the wrongdoers from the vengence of the victim. Id. This ridiculous trend, which thankfully is being slowly replaced by concern for the victim of crime, is totally the opposite from the traditional Navajo way.

Under Navajo tradition, all offenses (with the exception of witchcraft) were punished by payments to the victim or the victim's immediate family and clan. See Van Valkenburgh, "Navajo Common Law," 10 Museum Notes 30, 43-45 (June, 1938). In this case, robbery with injury would be punished by a payment of "blood money" to the immediate family, plus a multiple payment for any property taken. Id., p. 45. Theft would be punished by a multiple payment to the victim of immediate family group. Id.

The Navajo tradition recognized that the central ideas of punishment were to put the victim in the position he or she was before the offense by a money payment, punish in a visible way be requiring extra payments to the victim or the victim's family (rather than the king or state), and give a visible sign to the community that wrong was punished. The offender was given the means to return to the community by making good his or her wrong. Surely this is a far better concept of justice than to leave the victim out of the process of justice and leaving the victim with no means of healing the injury done.

Therefore this court finds that not only is restitution permitted under Navajo custom law, but indeed it was so central to Navajo tradition in offenses that it should be presumed to be required in any juvenile disposition.

## ORDERS

Based on these considerations, the court rejects the stipulation

entered into by the parties, reaffirms its prior order requiring restitution and grants the child leave to make further <u>specific</u> motions addressed to the amount of payment, ability to pay or other disposition.

The court also ORDERS that no further consideration will be given to a modification of the prior disposition of the court unless the victim is given notice of any proposed modification and is permitted to be present in court to comment upon any such proposed modification.