This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38329**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JACOB TURRIETTA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him for three counts of aggravated assault with a deadly weapon (with a firearm enhancement) and one count of simple battery. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** Defendant raises two issues on appeal: (1) he was denied the right to effective assistance of counsel [DS unnumbered 5; MIO 2-4]; and (2) there was insufficient evidence that Defendant used an actual firearm in the incident [DS unnumbered 5; MIO 5-7].

**{3}** Defendant maintains that he was denied effective assistance of counsel when his trial attorney failed to call Defendant's wife as a defense witness because, he claims, she would have substantiated other witnesses' testimony that Defendant did not brandish a firearm. [DS unnumbered 5; MIO 2-4] Our notice proposed to affirm on grounds that the record was inadequate to either demonstrate the deficient performance of counsel or to establish prejudice by that performance. *See State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 (setting forth the factors that must be shown on the record to establish a prima facie claim of ineffective assistance of counsel). Defendant's response to our notice does not demonstrate that the record is adequate to establish ineffective assistance of counsel. Therefore, we direct Defendant to habeas corpus proceedings so that he may develop the record to establish his claim. *See id.*

**{4}** Lastly, Defendant contends that the evidence was insufficient to support his use of a firearm because there was no physical evidence that he used a firearm and there was no testimony that the device used could expel a projectile. [DS unnumbered 5; MIO 5-7] Our notice explained that, assuming without deciding Defendant is correct that the State had to present evidence that Defendant used a "weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosion[,]" [RP 86] it appeared to us that the testimony of the victims and other witnesses as to their sensory observations about the weapon was sufficient to establish that Defendant brandished a "real gun." *See State v. Duran*, 1977-NMCA-099, ¶ 5, 91 N.M. 38, 570 P.2d 39 (assuming without deciding that the defendant was correct—that proof was required to establish the firearm was capable of discharging a shot—the victim's testimony was sufficient to prove it was a "'real gun'" to submit the issue to the jury to decide); *see also* Rule 11-701(A) NMRA (providing that a lay witness may testify as to their opinion "that is . . . rationally based on the witness's perception"). We further noted that the special verdict forms show the jury believed the observations of the victims and other witnesses that Defendant used an actual firearm, which it was free to do. [RP 106, 108] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."). Lastly, we noted Defendant was free to produce the toy gun he alleged to have used in defense to the charges.

**{5}** Defendant's response to our notice supplies no new factual or legal argument that persuades us the evidence was insufficient. [MIO 5-7] Accordingly, we hold that substantial evidence supports Defendant's convictions for aggravated assault with a deadly weapon.

**{6}** For the reasons set forth in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{7}** IT IS SO ORDERED.

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**