389 A.2d 136

**COMMONWEALTH of Pennsylvania**

v.

**James FRISOLI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

594

James Frisoli, appellant, in propria persona.

Raymond G. Kessler, Assistant District Attorney, and George J. Joseph, District Attorney, Allentown, for Commonwealth.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

█ This is an appeal from a dismissal of a P.C.H.A. petition[1] in which appellant alleged a denial of effective assistance of counsel and lack of jurisdiction by the trial court to order restitution. This appeal[2] followed.

On or about September 24, 1972, appellant, James Frisoli, shot his wife, Joanna Frisoli, with a shotgun. Appellant was charged with, and pleaded guilty to, counts of aggravated assault and battery and assault with intent to maim.[3] On April 10, 1974, appellant was sentenced to three and one-half to seven years imprisonment and ordered to make restitution on behalf of his wife in the amount of $10,031.15 for the injuries she suffered. On January 22, 1975, appellant filed a petition for writ of habeas corpus alleging that his prison sentence was in excess of that which is permitted by law. On April 9, 1975, appellant was resentenced to two and one-half to five years imprisonment, such sentence being statutorily authorized at the time said crimes were committed.[4] However, in addition to this resentencing, appellant was again ordered to make restitution.

1. Appellant raised no issue regarding judgment of sentence.

2. Appellant also alleges unconstitutional denial of due process in not being permitted to proceed in forma pauperis on this appeal. In filing his petition for allowance to proceed in forma pauperis, appellant failed to comport with the requirements of Pa. R.A.P. 552(b) and 561. Since these rules were established to aid in judicial expediency, an exception to them will not be allowed without a clear showing of prejudice or harm caused by the application of the rule. Appellant has failed to establish any harm or prejudice because of the denial of his petition.

3. Act of June 24, 1939, P.L. 872, §§ 709 & 712, 18 P.S. 4709 and 18 P.S. 4712.

4. Aggravated assault and battery carried a maximum prison sentence of three years and assault with intent to maim carried a maximum prison sentence of five years. See n.3 supra.

On March 24, 1976, appellant filed a P.C.H.A. petition averring ineffective assistance of counsel at both the original trial and resentencing. Embodied within the assertion of ineffective assistance of counsel was a contention that the court was without jurisdiction to order restitution.

At the time appellant committed the crime, on or about September 24, 1972, restitution was limited to damages done to personal property. Act of June 24, 1939, P.L. 872 § 1109, added 1949, May 27, P.L. 1898 § 1, 18 P.S. 5109 (1963). On September 22, 1972, 18 P.S. 5109 was amended to provide restitution for personal injuries suffered by a victim of a crime. Act of September 22, 1972, P.L. 876, No. 200, § 1, 18 P.S. 5109(b)(1). This amendment, however, did not become effective until sixty days after its enactment and was therefore not in force when the appellant committed the crime. Act of June 1, 1967, P.L. 27, No. 17 § 1, 46 P.S. 504 (1969) (*repealed;* Act of December 6, 1972, P.L. 1339, No. 290 § 4 imd. effective). Without specific statutory authorization, a court may not order restitution. *Commonwealth v. Flashburg,* 237 Pa.Super. 424, 352 A.2d 185 (1975); *Commonwealth v. Jackson,* 218 Pa.Super. 357, 280 A.2d 422 (1971). Since the statute authorizing restitution for personal injuries was not in force at the time of appellant's criminal conduct, neither the trial court nor the resentencing court had the power to order appellant to pay restitution.

Appellant's argument of ineffective assistance of counsel is premised upon counsel's alleged failure to object to the imposition of the excessive sentence and orders of restitution. Since the action of the resentencing court coupled with our holding today obviates the harm alleged by counsel's conduct, we find it unnecessary to reach this claim.

The order of restitution is hereby vacated.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.