## Commonwealth v. Crowl

*Geoffrey S. Casher, assistant district attorney,* for the commonwealth.

*Donald B. Swope,* for defendant.

KUHN, *J.,* May 22, 1989 — Defendant has been charged with and admits,[*] his failure to provide workmen's compensation coverage as required by section 501 of the Workmen's Compensation Act, 77 P.S. §501, for his employee, Matthew L. Ruppert, who was injured and entitled to benefits totalling $29,683.57. The district justice found de-

---

[*]Although a formal plea has not been tendered, defense counsel suggested that defendant would be admitting guilt.

fendant guilty and sentenced him to pay a fine of $500, costs and restitution in the amount of $29,683.57. A summary appeal was timely filed.

Section 501 sets forth, in part:

"Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, authorized to insure such liability in this commonwealth, unless such employer shall be exempted by the department from such insurance . . .

"Any employer who fails to comply with the provision of this section for every such failure shall, upon summary conviction before any official of competent jurisdiction, be sentenced to pay a fine of not less than $500 nor more than $2000, and costs of prosecution, or imprisonment for a period of not more than one year, or both. Every day's violation shall constitute a separate offense . . . "

Defendant contends, however, that this court has no authority to impose restitution under the act. To our knowledge this is a case of first impression in Pennsylvania, but we find that its resolution can be based upon general principles.

Clearly, a court may not order restitution without specific statutory authorization. *Commonwealth v. Frisoli,* 255 Pa. Super. 593, 596, 389 A.2d 136, 137 (1978). Just a clearly, the Workmen's Compensation Act does not authorize imposing restitution. Therefore, we must look to other statutory provisions, if any exist, for this authority.

We have examined both the Crimes Code and the Sentencing Code and find only the latter provisions to authorize imposing restitution in this case.

Section 1106 of the Crimes Code, 18 Pa.C.S. §1106, provides that:

"(a) *General Rule* — Upon conviction for any

crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefore."

The offense in section 501 of the act is a failure to provide insurance coverage for an injured employee. As such, the employer has not caused personal injury nor stolen, converted or unlawfully obtained personal property. Therefore, section 1106 of the Crimes Code does not apply.

However, section 9721(c) of the Sentencing Code, 41 Pa.C.S. §9721(c), allows the court to:

"[O]rder the defendant to compensate the victim of his criminal conduct for the damage or injury he has sustained."

The key word here is "damage" because the defendant has not caused Mr. Ruppert's injury. "Damage" is not defined, therefore, it shall be given its common and approved usage, otherwise known as the plain-meaning rule. 1 Pa. C.S. §1903(a). Defendant was legally obligated to provide a source of funds which would have compensated Mr. Ruppert for applicable medical expenses and lost wages resulting from his work-related injury. By failing to provide this fund, defendant deprived Mr. Ruppert of expected compensation and therefore damaged him financially. We hold that loss of a non-speculative expectancy would constitute "damage" sustained by a victim.

We recognize that an order of restitution is not an award of civil damages but a rehabilitative tool, even though the victim may benefit. Its purpose is to impress upon the offender the loss he has caused and his responsibility to repair that loss. *Common-*

*wealth v. Balisteri,* 329 Pa. Super. 148, 155, 478 A.2d 5,9 (1984); *Commonwealth v. Fuqua,* 267 Pa. Super. 504, 508, 407 A.2d 24, 26 (1979). In order that compensation does not dominate rehabilitation the court must consider four factors in imposing restitution: (1) the amount of loss suffered by the victim, (2) the fact that defendant's action caused the loss, (3) that the amount awarded does not exceed the defendant's ability to pay, and (4) the type of payment which best serves the needs of the victim and the capabilities of the defendant. *Commonwealth v. Valent,* 317 Pa. Super. 145, 463 A.2d 1127 (1983). We are unable at this time to assess these factors as they apply to defendant.

Accordingly, we enter the attached

## ORDER

And now, May 22, 1989, defendant's summary appeal hearing is set for June 5, 1989, at 9:00 a.m., Courtroom no. 2, Adams County Courthouse, at which time defendant is directed to appear.