## Commonwealth v. Bevilheimer

*John M. Dawson, district attorney,* for the commonwealth.

*Bruce A. Barrett,* for defendant.

WALKER, *J.,* June 5, 1989 — Defendant was charged with two violations of the Pennsylvania Game and Wildlife Code, 34 Pa.C.S. §101 et seq. Apparently, defendant entered a vehicle with a loaded firearm. This violated section 2503 of the Game and Wildlife Code. The gun discharged injuring one of defendant's companions. This was a violation of 34 Pa.C.S. §2522 which provides that under such circumstances the injuring of a human being is a misdemeanor of the third degree under the Game and Wildlife Code. The code in section 925 specifies the penalties for violations and specifically sets forth that for violation of a misdemeanor of the third degree, a fine of not less than $500 nor more than $2,500 will be imposed. Section 925(i) provides for replacement costs if the offense involves a violation relating to threatened or endangered species. Section 925(j) specifically provides that Title 18 of the Pennsylvania Code is inapplicable to the Game and Wildlife Code insofar as it relates to fines and imprisonment for convictions of summary offenses and misdemeanors.

The charges under 34 Pa.C.S. §2503 were ultimately dropped and defendant entered a plea of guilty to the charges under 34 Pa.C.S. §2522. The district justice before whom the proceedings were held sentenced defendant to pay a fine of $500 and the costs of prosecution, and subsequently, amended the sentence to order that defendant pay restitution in the amount of $2,328.70 (with certain provisions). Defendant has appealed that portion of his sentence which orders restitution.

It is clear that a sentence of restitution cannot be imposed absent statutory authority for that sentence. *Commonwealth v. Frisoli,* 255 Pa. Super. 593, 389 A.2d 136 (1978); *Commonwealth v. Betoni,* 254 Pa. Super. 26, 385 A.2d 506 (1978). In *Commonwealth v. Walton,* 483 Pa. 588, 397 A.2d 1179 (1979), the Supreme Court distinguished between restitution which is required in addition to statutory punishment, and restitution which is required in lieu of such punishment.

While the courts and the legislature use the term "restitution" to define any payment ordered to be made to the victim of a crime, actually the order in the instant case is one of reparation rather than restitution. Restitution properly refers to compensation for the wrongful taking of property, and reparation to compensation paid for injury or damage. *Commonwealth v. Fuqua,* 267 Pa. Super. 504, 407 A.2d 24 (1979).

The district justice felt that he was authorized to order restitution in accordance with general principles set forth in 18 Pa.C.S. §1106. Section 1106(a) provides:

"Upon conviction for any crime . . . wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor."

Subsection (d) of that section provides that:

"Restitution ordered by a district justice shall be limited to the return of the actual property or its undisputed dollar amount, or where the claim for restitution does not exceed the civil jurisdictional limit specified in 42 Pa.C.S. §1515(a)(3) (relating to jurisdiction) and is disputed as to amount, the district justice shall determine and order the dollar amount of restitution to be made."

The Sentencing Code, 42 Pa.C.S. §9721(c) provides:

"In addition to the alternatives set forth in subsection (a) of this section, the court may order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained."

The issue, therefore, is whether the authority to order restitution contained in both the Crimes Code and the Sentencing Code can be borrowed and utilized to order restitution under the Game and Wildlife Code.

In *Commonwealth v. Fuqua, supra,* a somewhat similar issue was presented. The defendant in *Fuqua* was convicted of driving under the influence, a crime created by the Vehicle Code and not the Crimes Code. He was sentenced to make restitution as part of his sentence. The Superior Court upheld the validity of the sentence. Its reasoning was that since 75 Pa.C.S. §3731 which dealt with the offense of driving under the influence provided that any person violating the section was guilty of a misdemeanor of the third degree [now a misdemeanor of the second degree], and since no definition of or punishment for a misdemeanor of the third degree was contained in Title 75, it was essential to refer to the Crimes Code for definition and penalty, and thus the penalties including restitution set forth in the Crimes Code were availabe to the sentencing judge.

Unfortunately, *Fuqua* does not help us a great deal in the instant case. At the time of *Fuqua,* crime was defined in 18 Pa.C.S. §1106(h) as "any offense punishable under this title." The Act of April 28, 1978, P.L. 102 added to that definition the words "or by a district justice," thus broaden-

ing the definition of crime. On the other hand, unlike the Motor Vehicle Code, the Game and Wildlife Code gives a schedule of penalties for offenses under that act and thus, it is unnecessary to refer to some other statute to determine the penalty. In fact, the penalties authorized in 34 Pa.C.S. §925(b) which are listed as misdemeanors of the first, second and third degree, and summary offenses of the first through eighth degrees are substantially different than the penalties imposed by the Crimes Code. Section 925(j) specifically provides that Title 18, insofar as it relates to sanctions, is not applicable to offenses under the Game and Wildlife Code.

An order of restitution or reparation is a sentence and thus a sanction. *Commonwealth v. Fuqua, supra.* While such an order does assist in making the victim whole, it is at least equally important as an aid in achieving rehabilitation of the defendant. As the court in *Fuqua* said:

"While the order aids the victim, its true purpose and the reason for its imposition, is the rehabilitative goal it serves by 'impressing upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so.' Thus a court's concern that the victim be fully compensated should not overshadow its primary duty to promote the rehabilitation of the defendant." (citations omitted)

Restitution, therefore, partakes of a penal sanction. It is, of course, hornbook law that penal provisions in a statute must be strictly construed. 1 Pa.C.S. §1928. We, therefore, hold that since the Game and Wildlife Code does not provide for orders of restitution, such orders cannot be made against offenders of that statute.