## 32100. HENRY *et al v.* STATE OF GEORGIA.

DECIDED SEPTEMBER 15, 1948. REHEARING DENIED OCTOBER 2, 1948.

*H. Alonzo Woods,* for plaintiffs in error.
*John F. Brannen, Solicitor,* contra.

SUTTON, C. J. An accusation was filed in the City Court of Statesboro, charging Horace C. Henry with operating a motor vehicle on a public highway while under the influence of intoxicating liquors on November 24, 1945. He was tried and convicted of this offense on January 14, 1946, and the court imposed the following sentence: "Whereupon it is considered, ordered and adjudged by the court that you, Horace C. Henry, pay a fine of $200 dollars—cost, and in default thereof that you serve 6 months on the Public Works Camp of Bulloch County, or on the public works of such other county, or in such other public

works as the proper authorities may direct. The term of your service under this sentence shall be computed as from the date of sentence and in compliance with the laws now in force in this State. 6 months additional but probated provided $214 damages is paid to James Beasley. Said sentence to run consecutively. This 14 day of Jan. 1946." The defendant made a motion for a new trial, and on January 15, 1946, defendant, as principal, with T. B. Kersey and Leo Wilson as sureties, executed an appearance bond in the amount of $800. It was ordered by the court that a hearing on the motion for new trial would be had on January 24, 1946, but a brief of evidence was not submitted to the court, and the motion was dismissed on January 26, 1946, to which judgment no exception was taken. On July 9, 1946, a scire facias was issued against the principal and sureties on the bond, calling on them to appear and show cause in the City Court of Statesboro on the second Monday in October, 1946, why final judgment should not be entered on the appearance bond. On October 14, 1946, an answer to the scire facias was filed in the office of the clerk of said court, and attached thereto was $200 in currency to be used in payment of the fine imposed on Horace C. Henry by the court in January, 1946. During the October, 1946, term of said court the answer was dismissed on demurrer thereto, a judgment absolute was taken on the bond, and thereafter an execution was issued on this judgment. Horace C. Henry and his sureties, T. B. Kersey and Leo Wilson, filed a petition to set aside the judgment, on the ground that so much of the sentence as stated, "6 months additional but probated provided $214 damages is paid to James Beasley," was illegal, and alleging that the $200 in currency attached to the answer to the scire facias was sufficient to satisfy the sentence imposed on Horace C. Henry, and the petitioners asked that a rule nisi be directed to the solicitor to show cause why the $200 held by the clerk should not be applied and accepted in full settlement of the sentence. To this petition the solicitor filed an answer, and general and special demurrers, on behalf of the State. The court sustained the general demurrer, and the case is here on exceptions to the judgment sustaining the general demurrer and dismissing the petition. By order of the trial court, the $200 in currency which was attached to the scire facias has been held

in escrow by the Clerk of the City Court of Statesboro, pending the decision of this court and further order of the trial court.

The controlling question for a decision of this case is whether or not the aforesaid sentence imposed by the trial court upon Horace C. Henry was a legal sentence. Code § 27-2506 provides: "Except where otherwise provided, every crime declared to be a misdemeanor shall be punishable by a fine not to exceed $1000, imprisonment not to exceed six months, to work in the chain gang on the public roads, or on such other public works as the county or State authorities may employ the chain gang, not to exceed 12 months, any one or more of these punishments in the discretion of the judge." The following portion of the sentence here involved, "pay a fine of $200—cost, and in default thereof that you serve 6 months," contemplated that the defendant should pay a fine of $200 and the court costs to relieve himself from serving six months on the public works. See *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533). The fact that the sentence is divided into two terms of six months' service does not render it illegal. Under the terms of Code § 27-2506, "the court had authority to impose a sentence confining the defendant in the chain gang for a period of twelve months. The fact that he divided it into two periods of six months each did not make the total sentence to the chain gang exceed the period fixed by the statute." *Scott* v. *McClelland,* 162 *Ga.* 443, 445 (133 S. E. 923). See also *Kemp* v. *Meads,* supra. Code § 27-2702 provides: "In all prosecutions for crime, except as hereinafter provided, where the defendant has been convicted either upon a trial or upon his plea, where the court has power to sentence such defendant to the chain gang, jail or other place of detention, where it appears to the satisfaction of the court that the circumstances of the case and the public good does not demand or require the defendant's incarceration, said court may mould its sentence so as to allow the defendant to serve same outside the confines of the chain gang, jail or other place of detention, under the supervision of the court, and in such manner and on such conditions as it may see fit, giving the reasons therefor, which shall be made part of the record. Nothing in this law shall in any manner affect the laws providing the method of dealing with delinquent, wayward or dependent children, in those counties

which may establish juvenile courts. No person shall have the benefit of this law, except those convicted of misdemeanors or felonies which have been reduced to misdemeanors either by the court upon its own motion or upon recommendation of the jury." Code § 27-2706 provides: "In all criminal cases in which the defendant shall be found guilty or in which a plea of guilty shall be entered, and the trial judge after imposing sentence shall further provide that the execution of such sentence shall be suspended, such provision shall have the effect of placing such defendant on probation as provided in §§ 27-2702 to 27-2705: Provided, however, that nothing contained in this section shall apply to cases arising under any action for abandonment or bastardy." Prior to the act of 1933, as now contained in Code § 27-2706, a trial judge did not have authority to suspend the execution of a sentence, except to review the judgment upon which the sentence was imposed. *Conley* v. *Pope*, 161 *Ga.* 462 (4) (131 S. E. 168), and citations; *Kemp* v. *Meads*, supra, p. 57. Under the provisions of the foregoing Code sections, that portion of the sentence which reads, "6 months additional but probated provided $214 damages is paid to James Beasley," is properly construed as a probation sentence; and that portion of the sentence which reads, "provided $214 damages is paid to James Beasley," is merely a condition for probation. Under the provisions of Code § 27-2702, supra, the court may probate a sentence so as to permit the convicted person to serve the sentence outside the confines of a place of detention "on such conditions as it may see fit," and this vests a broad power in the trial court, and restitution to an injured person of his property cannot be said to be a condition in violation of that power. In *Swanson* v. *State*, 38 *Ga. App.* 386 (144 S. E. 49), the sentence was upheld where a similar condition was imposed in a conviction for fornication, and the probation was effective only if the defendant paid money to the ordinary for the support of a child. In *Roberts* v. *State*, 41 *Ga. App.* 364 (152 S. E. 921), one of the conditions for probation, where the conviction was for drunkenness on a highway, was the payment of $50 for damages to an automobile, and the sentence was upheld. The condition in *Davis* v. *State*, 53 *Ga. App.* 325 (185 S. E. 400), was the payment of $70 to the injured party and the sentence was upheld. The sentence in

the present case consists of the alternative of a $200 fine and costs of the court, or six months on the public works, plus six months additional which can be served on probation, if restitution in the amount of $214 is made to James Beasley. The probation feature of this sentence is a method by which the defendant can, by complying with the condition there stated, relieve himself from serving the additional six months on the public works. Probation conditions can now be legally imposed in a sentence. There is nothing in the record in this court to show any compliance by the defendant with the sentence imposed in this case, except a tender or payment of $200 into court as part of his answer to the bond forfeiture. It does not appear that Horace C. Henry has been incarcerated since the imposition of the sentence, or that he has presented himself to begin service on the sentence, and thus the provisions of Code § 27-2505, which relate to the time when service on a sentence begins, are inapplicable. See *Crosby* v. *Courson*, 181 *Ga.* 475, 477 (182 S. E. 590). It follows that the sentence imposed on Henry by the Judge of the City Court of Statesboro upon conviction of a misdemeanor was a legal sentence, and inasmuch as Henry has not complied with the provisions of the sentence, the petition of Henry et al. to set aside the judgment on the scire facias and to apply the $200 held by the clerk of the court in satisfaction of the sentence imposed by the court does not state a cause of action, and the court did not err in sustaining the general demurrer of the State, and in dismissing the petition.

We have carefully considered the cases cited and relied upon by the plaintiffs in error, but, under the facts of this case and the law applicable thereto, they do not authorize or require a different ruling from the one here made.

*Judgment affirmed. Felton and Parker, JJ., concur.*