## MICHAEL LUNDY, *Petitioner,*

*v.*

## OREGON STATE PENITENTIARY, *Respondent.*

### (No. 04-76-347, CA 6447)

557 P2d 58

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James A. Hill, Jr.,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner was found guilty by a prison disciplinary committee of destruction of property and disobedience of an order. The final order of the Superintendent, upon the recommendation of the disciplinary committee, placed petitioner in segregation for 60 days, provided for noncertification of statutory good time and required that petitioner pay "restitution" for the cost of the destroyed property.

Petitioner's principal contentions relate to the "restitution" component of the order. The state responds that we lack jurisdiction to review that part of the order.

Our jurisdiction is defined in ORS 421.195:

> "If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for noncertification to the Governor of [statutory good time] * * * *the order and the proceedings underlying the order are subject to review by the Court of Appeals * * *."* (Emphasis supplied.)

We hold the italicized language means that the entire order and proceedings underlying it are reviewable if the preliminary requirements of ORS 421.195 are satisfied. Here the order is appealable because of its segregation and good time components. And under our interpretation of ORS 421.195, the entire order, including the "restitution" component, is reviewable.

The separate opinions filed by the members of the panel in *Curtis v. OSCI,* 20 Or App 530, 532 P2d 798, Sup Ct *review denied* (1975), are not to the contrary. *Curtis* only stands for the proposition that a "restitution"-only prison disciplinary order cannot be directly appealed to this court under ORS 421.195. Any broader reading of *Curtis* is contrary to the plain meaning of ORS 421.195.

On the merits, petitioner claims there is no evidence in the record on the amount of "restitution" he

[ 667 ]

must pay, and that it was wrong to require both petitioner and his accomplice to pay the full value of the destroyed property. On the latter point, we interpret the orders to require petitioner and his accomplice to each pay for half of the damage done.[1]

There is no evidence in the record as to the extent of damage done. The state in effect argues that prison officials have custody of inmates' funds and can engage in "self-help" by taking those funds to replace or repair prison property damaged or destroyed by an inmate. This may well be. However, a finding that is made in a statutorily-mandated hearing, ORS 421.180, and that is subject to judicial review, ORS 421.195, must be based on some evidence in the record. *Cf., State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976). Without any evidence to support it, the "restitution" part of the order cannot stand.

Remanded for further proceedings consistent with this opinion.

---

[1]By way of supplemental authorities, the state advises us that the prison officials interpret the orders the same way.