407 A.2d 24

COMMONWEALTH of Pennsylvania

v.

Cleo FUQUA, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided June 27, 1979.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

SPAETH, Judge:

Appellant was tried by a judge sitting without a jury and was convicted of driving while under the influence of alcohol.[1] No post-verdict motions were filed[2] and appellant was sentenced to probation for one year and directed to make restitution. On this appeal appellant argues that the order of restitution was improper.

The evidence was to the following effect. In the early morning of October 15, 1977, appellant lost control of the

1. 75 Pa.C.S. § 3731(a)(1)

2. Appellant did file an application for modification of his sentence approximately nine days after his sentence was imposed.

automobile he was driving[3] with the result that it went off the road and struck the front of a house owned by Elvira Powell. Ms. Powell testified that she was awakened at approximately 4:50 A.M. on October 15 by a great impact against her house. She ran to her front door and tried to open it, but had some difficulty doing so as the door had jammed. When she finally succeeded in opening the door, she discovered that her front porch and part of the foundation of her house had been damaged. After placing a call to police, she went over to appellant, who was parked on a lot next door to the house and requested his license and information about his insurance. Appellant's speech was slurred and he was stumbling. The police soon arrived. Officer Stephan Kardell testified that appellant seemed to be intoxicated and that two half-pint bottles of gin were found on the front seat of the automobile. He further testified that the front of the automobile was damaged, as was the front of Ms. Powell's house. Appellant testified in his own behalf, and while he admitted that he had had a few drinks, he denied being intoxicated. He also testified that he had not crashed into Ms. Powell's house but had been forced off the road by another automobile, and that the damage done to the automobile he was driving had occurred when he had run into some boulders on the empty lot next door to the Powell house. Appellant was found guilty and was ordered to make restitution to Ms. Powell in the amount of $942.50.[4]

An order of restitution or reparation[5] imposed either as a direct sentence or as a condition of probation

---

3. Appellant did not own the automobile but had borrowed it from its owner.

4. The Commonwealth and appellant stipulated that the amount of damage to Ms. Powell's house was between $885 and $1,000. Appellant did not contend below and does not contend now that the amount awarded was improper.

5. Restitution and reparation mean different things. Restitution ordinarily refers to compensation for the wrongful taking of property, reparation, to compensation paid for injury or damage. Section 1106 of the Crimes Code uses the term restitution to describe both types of compensation. Section 1354(c)(8) of the Sentencing Code, however,

constitutes a "constructive tool[ ] in the criminal justice jurisprudence." *State v. Gerner,* 115 Ariz. 579, 566 P.2d 1057 (1977); *see* Schafer, *Restitution to Victims of Crime— An Old Correctional Aim Modernized,* 50 Minn.L.Rev. 243 (1965). Such sentences are to be encouraged as they constitute "an aid both to the criminal in achieving rehabilitation and to his victim in obtaining some measure of redress." *Commonwealth v. Walton,* 483 Pa. 588, 599, 397 A.2d 1179, 1185 (1979); *see State v. Harris,* 70 N.J. 586, 363 A.2d 32 (1976); Annotation, *Propriety of Condition of Probation which Requires Defendant Convicted of Crimes of Violence to Make Reparation to Injured Victim,* 79 A.L.R.3d 976 (1977). As a sentence, or a condition of sentence, imposed following a criminal conviction, an order of restitution is not an award of damages.[6] *See generally* Rothstein, *How the Uniform Crime Victims Reparation Act Works,* 60 ABA J. 1531 (1974). While the order aids the victim, its true purpose, and the reason for its imposition, is the rehabilitative goal it serves by "impressing upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so." *State v. Stalheim,* 275 Or. 683, 689, 552 P.2d 829, 832 (1976); *see State v. Mottola,* 84 N.M. 414, 504 P.2d 22 (1972). Thus a court's concern that the victim be fully compensated should not overshadow its primary duty to promote the rehabilitation of the defendant. *See* Best & Birzon, *Conditions of Probation; An Analysis,* 51 Geo.L.J. 809 (1963); Merceret, *Sentencing Alternatives to Fine & Imprisonment,* 31 U.Miami L.Rev. 387 (1977).

■ In accordance with its primary duty to promote the rehabilitation of the defendant, the court in imposing resti-

specifically refers to restitution or reparation. In this opinion the term restitution refers to both restitution and reparation.

6. An order of restitution will have an effect, however, on the damages recoverable in a civil action. Thus subsection (g) of section 1106 of the Crimes Code provides that "[n]o judgment or order of restitution shall debar the owner of the property or the victim who sustained personal injury, by appropriate action, to recover from the offender as otherwise provided by law, provided that any civil award shall be reduced by the amount paid under the criminal judgment." 18 Pa.C.S. § 1106(g).

tution must make sure that the amount awarded not only does not exceed the victim's damages but also does not exceed the defendant's ability to pay. *See State v. Garner, supra; State v. Harris, supra.* If the amount of restitution imposed exceeds the defendant's ability to pay, the rehabilitative purpose of the order is disserved, especially where the restitution payment is a condition of probation, for in such a case the defendant is told that he will not be imprisoned only if he somehow satisfies a condition he cannot hope to satisfy.[7] As one court has stated:

> Restitution can aid an offender's rehabilitation by strengthening the individual's sense of responsibility. The probationer may learn to consider more carefully the consequences of his or her actions. One who successfully makes restitution should have a positive sense of having earned a fresh start and will have tangible evidence of his or her capacity to alter old behavior patterns and lead a law-abiding life. Conditioning probation on making restitution also protects the community's interest in having the victims of crime made whole. However, conditioning probation on the satisfaction of requirements which are beyond the probationer's control undermines the probationer's sense of responsibility.

*Huggett v. State*, 83 Wis.2d 790, 798, 266 N.W.2d 403, 407 (1978).

In Pennsylvania restitution can be imposed either as a condition of probation or as a direct sentence.[8] The order of restitution in this case was a direct sentence imposed by authority of Section 1106 of the Crimes Code, which provides that "[u]pon conviction for any crime wherein property has

---

**7.** *Cf. Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (constitutional problems with imprisonment imposed on indigent defendants who are unable to pay criminal fines).

**8.** For a discussion of some of the differences between restitution as a direct sentence in conjunction with other sentences and restitution as a condition of probation, *see Commonwealth v. Walton, supra*, 483 Pa. at 597, 397 A.2d at 1184–85. The differences between restitution as a direct sentence and as a condition of probation are not pertinent to this appeal.

been stolen . . . or its value substantially decreased as a direct result of the crime . . . the offender may be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a). *See also* 18 Pa.C.S. §§ 1106(b), 1354(c)(8) (condition of probation).

Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, it must be supported by the record. *See Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Among the things the sentencing court must consider on the record are: the extent of the injury suffered,[9] *see* 18 Pa.C.S. § 1106(c)(1); the fact that the defendant's action caused the injury and that he will be able to pay for it, *see State v. Harris, supra*; and the type of payment—lump sum or installment—that will best serve the needs of the victim and the capabilities of the defendant. *See* 18 Pa.C.S. § 1106(c)(1). Appellant argues[10] that here the order of

**9.** Appellant does not dispute the propriety of the amount of restitution ordered in this case. *See generally Lundy v. Oregon State Penitentiary*, 27 Or.App. 665, 557 P.2d 59 (1976) (amount of award must appear on the record); *see State v. Harris, supra*, (must be a factual basis for imposition of award of restitution).

**10.** In his application for modification of his sentence appellant raised two other major objections with respect to the propriety of the lower court's order of restitution. While he has not raised these objections on this appeal, we shall nevertheless treat them, for they raise questions as to the power of the court to impose a sentence of restitution. *Cf. Commonwealth v. Walker*, 468 Pa. 323, 363 A.2d 227 (1976) (illegal sentence held void despite failure to raise objections below; claim that court lacked legal authority to impose such a sentence was not waived).

Appellant's first objection was that the order of restitution was improper as appellant's conviction was for an offense under the Motor Vehicle Code, Title 75, and not for an offense under the Crimes Code, Title 18. The lower court treated this issue in its opinion filed pursuant to this appeal. Its reasoning in dismissing this objection was as follows:

In making this allegation, the defendant relies on 18 Pa.C.S. Section 1106, which provides the authority for the Court to order restitution. Section 1106(a) provides as follows:

"Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the

restitution is not supported by the record because the lower court failed to make a specific finding that the property damage sustained by Ms. Powell was a direct result of appellant's crime of driving while under the influence.

> victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor."
>
> Section 1106(h) provides the definition of "crime" as follows:
> "Any offense punishable under this title."
>
> This title, of course, means Title 18. The basis of the defendant's allegation is that driving under the influence of alcohol is not a crime punishable under Title 18. Rather, he argues, the crime is punishable under Title 75 of the Motor Vehicle Code. 75 Pa.C.S.A. 3731 deals with the offense of driving under the influence of alcohol. 3731(d) states:
> "Penalty. Any person violating any of the provisions of this section is guilty of a misdemeanor of the third degree."
>
> Immediately following sub-section (d), the Code cross-references as follows:
> "Misdemeanor of the third degree defined:
> See 18 Pa.C.S.A. Sec. 106."
>
> Section 106 simply defines Misdemeanor of the Third Degree. Nowhere in Title 75 is there a definition of a misdemeanor of the third degree or a punishment applicable thereto. Therefore it is clear that Title 75 defines the offense and Title 18 outlines the punishment. Thus, when Section 1106 defines a crime as an offense punishable under Title 18 and therefore, subject to an order for restitution, the Legislature has included driving under the influence of alcohol.
>
> Lower Court Opinion at 1–2.

We find this reasoning persuasive and therefore hold that restitution is an appropriate sentence in cases involving violations of the Motor Vehicle Code. *See Henry v. State*, 77 Ga.App. 735, 49 S.E.2d 681 (1948) (restitution imposed for driving while intoxicated); *Taylor v. State*, 419 S.W.2d 647 (Tex.Crim.1967) (restitution imposed for motor vehicle violation).

Appellant's second objection was that Ms. Powell did not qualify as a victim within the meaning of Section 1106(h) of the Crimes Code and thus could not be awarded restitution. We also find this objection to be without merit. *But cf. Commonwealth v. Lauer*, 265 Pa.Super. 542, 402 A.2d 678 (1979) (claim that person awarded restitution was not a victim held waived on appeal). It is true that the Commonwealth was the victim of the crime of driving under the influence, but this fact does not bar Ms. Powell's recovery. Section 1106(h) defines victim as "[a]ny person except an offender, who suffered injuries to his person or property as a direct result of the crime." 18 Pa.C.S. § 1106(h). Ms. Powell is a victim under this section, for, while the Commonwealth was the victim of the crime of driving under the influence, Ms. Powell was a person whose property was damaged as a direct result of the crime. The mere fact that the

 Our own review of the record discloses that the court below did indeed fail to make such a finding on the record. Normally, where the lower court fails to support its sentence on the record, we will vacate the sentence and remand for resentencing. *See Commonwealth v. Riggins, supra; Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). In this case, however, the evidence is clear that the order of restitution was for the damages to the Powell house; the lower court did find that appellant did in fact collide with the house and cause the damage to the front porch and foundation. While the lower court should have specifically found that this damage was a direct result of appellant's crime of driving while under the influence, to remand for resentencing would be a useless procedural exercise. The missing specific finding is unmistakeably implied in the findings that the court did make.

Affirmed.

Commonwealth need not prove that a collision occurred in order to sustain the conviction for driving under the influence does not mean that if a collision does occur, the victim of the collision may not qualify for restitution. We do caution the lower courts, however, that in imposing restitution in motor vehicle and other cases, they should make sure that any award made does not represent damages that are speculative or excessive. *See State v. Stalheim, supra,* (restitution of benefits to estate of deceased victim disallowed since forcing defendant to pay such damages would not promote rehabilitation; persons entitled to restitution defined strictly).