J-S38011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL ALLAN GENTRY | |
| Appellant | No. 1920 MDA 2014 |

Appeal from the Judgment of Sentence of November 12, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002747-2009

BEFORE:  WECHT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 25, 2015**

In an earlier appeal, a panel of this Court concluded that the trial court illegally imposed $42,000 in restitution upon Russell Gentry by delegating the authority to set the amount of restitution to the probation department. *See Commonwealth v. Gentry*, 101 A.3d 813, 818-19 (Pa. Super. 2014). We remanded the case for a new sentencing hearing, which we limited to the issue of restitution. *Id.* On remand, the trial court held a hearing and imposed a new judgment of sentence, which included $45,000 in restitution. For the reasons that follow, we again vacate the judgement of sentence, and we remand for another resentencing hearing limited to the consideration of restitution.

In our prior decision, we set forth the initial procedural history of this case as follows:

On June 2, 2009, the Commonwealth filed an information charging [Gentry] with three counts of possession with intent to deliver (PWID), three counts of intentional possession of a controlled substance, and one count each of possession of drug paraphernalia and receiving stolen property.[1] On August 6, 2009, [Gentry] pled guilty to two counts of PWID and one count of receiving stolen property. Pursuant to a plea agreement with the Commonwealth, the trial court imposed an aggregate sentence of ten to 23 months' imprisonment to be followed by two years' probation. [A]t sentencing, the Commonwealth requested that the trial court "set [restitution] at [$1.00] to be refined by probation." The trial court ordered that "[r]estitution is in favor of [the victim] at one dollar subject to review and adjustment." At some point, the York County Adult Probation Office (Probation) arrived at the amount of $49,000.00. [Gentry] did not file a direct appeal with this Court.[3]

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S. § 3925(a), respectively.

\* \* \*

[3] The certified record contains a document filed January 22, 2010 from Probation entitled "Restitution." *See* Appellant's Motion for Restitution to be Discharged, 6/11/13, at Exhibit C. The form has handwritten notations for the trial court docket number, the restitution amount of $49,000.00, and the victim's name and address. *Id.* The record does not reveal how Probation arrived at $49,000.000 as the appropriate restitution amount.

On February 20, 2013, Probation filed a violation report based on [Gentry's] failure to pay his court fees, costs, and restitution.[4] The trial court held a hearing on April 15, 2013 at which [Gentry] admitted the violation and agreed with Probation's recommended sentence. As a result, the trial court revoked [Gentry's] probation and imposed a new sentence of four years' probation. [Gentry] did not file a motion for reconsideration of sentence or notice of appeal.

[4] The basis for the violation was that [Gentry] would not be able to pay the restitution amount in full by the time his probation expired. Petition for Violation, 2/20/13, at 2. Probation noted that [Gentry] had made all of his

- 2 -

> payments on time to date, and that he was in compliance with all other conditions of his probation. ***Id.***
>
> On June 11, 2013, [Gentry] filed a "Motion for Restitution to be Discharged." The trial court conducted a hearing on December 17, 2013, at the conclusion of which it entered an order dismissing the motion as untimely. However, the trial court reduced the amount of restitution to $42,000 based on a concession from the Commonwealth. On January 16, 2014, [Gentry] filed a notice of appeal.

***Gentry***, 101 A.3d at 815 (some footnotes omitted; references to the notes of testimony omitted). As noted earlier, a panel of this Court held that the trial court's delegation of the authority to set the amount of restitution to the probation office resulted in an illegal sentence. ***Id.*** at 818-19. Hence, we remanded for a new sentencing hearing limited to the consideration of restitution. ***Id.***

At the remand hearing, the Commonwealth presented the testimony of Joseph Alley, Sr. Mr. Alley testified that, during or around March of 2009, a safe, and all of the contents contained therein, was stolen from his parents' house. Notes of Testimony ("N.T."), 11/12/2014, at 5-6. Mr. Alley stated that the safe housed approximately $42,000 in cash, and all of his deceased wife's jewelry. ***Id.*** at 7-8. Mr. Alley noted that approximately sixty percent of his wife's jewelry had been returned since the theft. ***Id.*** at 8. The safe also contained various coins, badges, and packs of two-dollar bills. ***Id.*** at 9. Mr. Alley valued the non-cash items that were stolen at approximately six to eight thousand dollars. ***Id.*** At the conclusion of the hearing, the trial court set restitution at $45,000, which represented the cash that was taken from

the safe as well as the value of the jewelry that had not yet been returned to Mr. Alley. *Id.* at 33.

On November 14, 2014, Gentry filed a notice of appeal. On November 19, 2014, the trial court directed Gentry to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Gentry did not file a concise statement within twenty-one days. Instead, he filed a concise statement on December 26, 2014. On February 11, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Gentry raises two questions for our review:

I.      Did the trial court commit reversible legal error when it awarded restitution in the amount of $45,000?

II.     Was the evidence at the restitution hearing sufficient to support the trial court's award of restitution in the amount of $45,000?

Brief for Gentry at 4.

In his first argument, Gentry argues that the restitution award was illegal. Specifically, Gentry notes that he was charged with receiving stolen property, and pleaded guilty to that crime as charged, not with burglary, theft, or any other action related to the actual removal of the safe from Mr. Alley's parents' home. The receiving stolen property charge was limited to the items that were found to be in his possession, which were valued in the criminal information as approximately $2,000. Consequently, Gentry argues, the trial court imposed restitution on him for conduct for which he was not charged, and where no causal connection existed between his

- 4 -

actions and the total amount of money and jewelry that was taken from Mr. Alley. In other words, Gentry maintains that the trial court did not have the authority to impose restitution beyond the value that resulted from the crime for which he was charged and convicted.

We first must address the Commonwealth's contentions that this claim is waived. The Commonwealth contends that Gentry has waived this claim: (1) Gentry did not file a Rule 1925(b) statement within the time frame set forth by the trial court; (2) Gentry's tardy Rule 1925(b) statement was vague; and (3) Gentry did not raise this issue in the first instance before the trial court. *See* Brief for the Commonwealth at 10-15. As a general matter, the Commonwealth's arguments reflect the requirements with which litigants must comport in order to preserve and litigate a claim on appeal. However, the Commonwealth's arguments nonetheless are unavailing because, as the Commonwealth implicitly admits,[1] Gentry is challenging the trial court's authority to impose the restitution.

> Regarding challenges to the trial court's imposition of restitution, the appellate courts have drawn a distinction between those cases where the challenge is directed to the trial court's authority to impose restitution and those cases where the challenge is premised upon a claim that the restitution order is excessive. When the court's authority to impose restitution is challenged, it concerns the legality of the sentence; however,

_____

[1] The Commonwealth repeatedly characterizes Gentry's first claim as a challenge to the sentencing court's authority in its brief. *See* Brief for the Commonwealth at 10-18.

when the challenge is based on excessiveness, it concerns the discretionary aspects of the sentence.

*Commonwealth v. Oree*, 911 A.2d 169, 173 (Pa. Super. 2006) (citations omitted).  Here, because Gentry clearly challenges the trial court's authority to impose restitution, his claim implicates the legality of his sentence. Hence, despite Gentry's failures to comply with our normal preservation requirements in each of the ways asserted by the Commonwealth, he has not waived his claims because challenges to the legality of a sentence are non-waivable.  *Commonwealth v. Langston*, 904 A.2d 917, 921 (Pa. Super. 2006).  "Issue relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo* and our scope of review is plenary."  *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

Restitution is governed by 18 Pa.C.S. § 1106, which provides, in pertinent part, as follows:

> **§ 1106. Restitution for injuries to person or property**
>
> **(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> **(b) Condition of probation or parole.**—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.
>
> **(c) Mandatory restitution.**—

...

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

...

18 Pa.C.S. § 1106.

As a general rule, there must be a specific nexus between the amount of restitution ordered by a trial court and the crime committed. We

described this connection in ***Commonwealth v. Harriott***, 919 A.2d 234

(Pa. Super. 2007), as follows:

> Case law speaks of restitution imposed under § 1106(a) as being a direct sentence, rather than just a condition of probation or intermediate punishment. ***Interest of M.W.***, 725 A.2d 729, 731, 732 (Pa. 1999); ***Commonwealth v. Deshong***, 850 A.2d 712, 715, 716 (Pa. Super. 2004). Additionally, because of the statutory language "directly resulting from the crime," restitution is proper only if there is a direct causal connection between the crime and the loss. ***In re M.W.***, 725 A.2d at 732 (holding that restitution imposed as a direct sentence under 18 Pa.C.S.A. § 1106(a) must result directly from the crime); ***Commonwealth v. Popow***, 844 A.2d 13, 19 (Pa. Super. 2004) (holding restitution for medical bills was improper under § 1106(a) due to lack of direct causation where appellant was acquitted of cutting victim and only convicted of threatening him); ***Commonwealth v. Walker***, 666 A.2d 301, 310 (Pa. Super. 1995) (holding restitution for medical bills was proper under § 1106(a) because appellant's drunk driving caused a two-car accident which directly injured the occupants of the other vehicle); ***Commonwealth v. Fuqua***, 407 A.2d 24, 25, 28 (Pa. Super. 1979) (holding restitution for injury to property was proper under § 1106(a) because appellant's drunk driving caused him to collide with victim's house, thereby damaging it).

***Harriet***, 919 A.2d at 237-38 (citations modified). Similarly, in

***Commonwealth v. Barger***, 956 A.2d 458 (Pa. Super. 2008), we noted the

Pennsylvania Supreme Court's prescription that Section 1106 "applies only

for those crimes to property or person where there has been a loss that

flows from the conduct which forms the basis of the crime for which a

defendant is held criminally responsible." ***Id.*** at 465 (quoting

***Commonwealth v. Harner***, 617 A.2d 702, 706 (Pa. 1992)).

In light of these principles, it is clear to us that the trial court did not have the authority to impose restitution in an amount that exceeded the value of the items for which Gentry was held criminally responsible. Gentry pleaded guilty, *inter alia*, to one count of receiving stolen property. The Commonwealth charged Gentry in the criminal information as follows:

**Count 4:** **RECEIVING STOLEN PROPERTY**

**18 Pa.C.S.A. 3925(a) – Felony 3rd DEGREE**

The Actor intentionally received, retained, or disposed of moveable property, namely, jewelry and/or a military purple heart medal, having a total value of approximately $2,000.00, belonging to Joseph Alley, knowing that it was stolen or believing that it had probably been stolen, with no intent to restore it to the owner, in violation of Section 3925 of the Pennsylvania Crimes Code.

Information, 6/2/2009, at 2. Neither the $42,000 in cash or any of the other items that purportedly were stolen were listed within the charge. More importantly, Gentry was never charged with burglary, theft, or any other crime related to the removal of the safe and its contents from the residence. Per **Harriet** and **Harner**, Gentry can only be sentenced to repay Mr. Alley the value of the loss that directly flowed from the behavior for which he is criminally responsible. Here, Gentry pleaded guilty to the crime as charged. Thus, he is only criminally responsible for the approximate value of the goods that he retained, knowing that they were stolen, *i.e.*, approximately $2,000. By sentencing Gentry to repay the total amount of goods that were stolen, which far exceeded the value for which Gentry was directly criminally

responsible, the trial court palpably exceeded its statutory authority. Consequently, the restitution aspect of Gentry's sentence is illegal.

Once again, we vacate the judgment of sentence, and we remand for a new sentencing hearing, limited to the amount of restitution owed to Mr. Alley based strictly upon the conduct for which Gentry is criminally responsible. Because we vacate and remand for a new hearing, we need not address Gentry's second claim, in which he contends that **this** award was not supported by sufficient evidence.

Judgement of sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2015