J-S80042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WALTER EDWARD LANGSTON II, | : | |
| | : | |
| Appellant | : | No. 1295 EDA 2017 |

Appeal from the Judgment of Sentence February 10, 2017
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0005535-2016

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:            **FILED FEBRUARY 27, 2018**

Walter Edward Langston II ("Langston") appeals from the judgment of sentence entered following his guilty plea to driving under the influence of alcohol ("DUI") - general impairment, and driving while operating privilege is suspended or revoked.[1]  We affirm.

During the evening of July 12, 2016, Langston's vehicle struck a vehicle being driven by Aisha Anderson ("Anderson").  Although Langston fled the scene, his license plate number was reported to police.  Police officers followed a trail of fluid from the accident scene to 139 Oakley Road in Upper Darby, Pennsylvania, where they found Langston and his vehicle. Langston was placed in custody for leaving the scene of the accident. Because officers observed a strong smell of alcohol emanating from

_____

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1).

Langston, they asked that he submit to a blood alcohol test. Langston refused. Later, at the police station, officers discovered that Langston's driver's license had been suspended for DUI-related offenses.

Langston subsequently entered a negotiated guilty plea to the above-described charges on February 10, 2017. In accordance with his plea agreement the trial court sentenced Langston to time served to 23 months in jail, plus three years of consecutive probation. In addition to fees and fines, the trial court sentenced Langston to pay restitution in the amount of $962.53 to Anderson, and $22,222.24 to Anderson's insurer, USAA. As part of his plea agreement, Langston had agreed to the payment of restitution. Langston subsequently filed a post-sentence Motion, which the trial court denied. Thereafter, Langston filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Langston presents the following claims for our review:

[I.] Whether the restitution [O]rder survives review because property damage to an automobile struck by a drunk driver is not a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable or wherein the victim suffered personal injury directly resulting from the crime?

[II.] Whether the victim's insurer, the putative beneficiary of $22,222.24 restitution for a subrogation claim, is a victim under the Crime Victim's Act [("CVA"), 18 Pa.C.S.A. §§ 11.101 *et seq.*,] despite statutory conflict, and despite the fact that the supporting Vehicle Code offenses do not have elements or contemplate conduct that directly caused the property damage?

Brief for Appellant at 5.

Langston first claims that the trial court's restitution Order is unenforceable. *Id.* at 8. According to Langston, for restitution to be authorized under the section 1106 of the Crimes Code, the criminal conduct specified as the elements of the criminal offense must directly cause the loss. *Id.* Langston states that he pled guilty to DUI-general impairment and driving with a suspended license. *Id.* at 8-9. Langston contends that no conduct, demonstrated by the statutory elements of those offenses, caused the loss forming the basis of the restitution Order. *Id.* at 9. Langston further asserts that, at the plea hearing, no causation was established. *Id.* Langston states that "[w]hen the victim suffers fiscal loss that is not directly connected to the criminal conduct of the defendant[,] then that defendant is not responsible monetarily to the victim in Pennsylvania criminal [c]ourt." *Id.*

When a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. Super. 2012). "An appeal from an order of restitution[,] based upon a claim that a restitution order is unsupported by the record[,] challenges the legality … of

sentencing."[2]   *Id.* at 771-72.   "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary."[3]   *Id.* at 772.

Restitution, as part of a direct sentence, must be based upon statutory authority. *Commonwealth v. Harner*, 617 A.2d 702, 704 (Pa. 1992). Mandatory restitution, as a part of a defendant's sentence, is authorized by 18 Pa.C.S.A. § 1106. *Commonwealth v. Burwell*, 58 A.3d 790 (Pa. Super. 2012). Section 1106 provides, in relevant part, as follows:

> **(a) General rule**.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, **or its value substantially decreased as a direct result of the crime,** … the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> \*     \*     \*
>
> **(c) Mandatory restitution.—**
>
> (1) The court shall order full restitution:

---

[2] "The primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is the offender's responsibility to repair the loss or injury as far as possible." *Commonwealth v. Solomon*, 25 A.3d 380, 389 (Pa. Super. 2011) (citation omitted).

[3] Our review of the record discloses that, in his Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal, Langston preserved only the following claim for appellate review: "Whether the restitution [O]rder is illegal because an insurance company, the putative beneficiary of restitution here, is not a victim pursuant to the Crime Victim's Act."   Statement of Errors Complained of on Appeal, 6/7/17.

> (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss…. **The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.**

18 Pa.C.S.A. § 1106(a), (c)(1)(i) (emphasis added). Our Supreme Court has held that section 1106 "is clear on its face and applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." ***Commonwealth v. Barger***, 956 A.2d 458, 465 (Pa. Super. 2008) (quoting ***Harner***, 617 A.2d at 706).

This Court previously has addressed situations where the legality of a restitution order is challenged in a similar way. In ***Commonwealth v. Fuqua***, 407 A.2d 24 (Pa. Super. 1979), the defendant lost control of his car and crashed into the victim's house. ***Id.*** at 25. The defendant was found guilty of DUI, following a non-jury trial during which he denied being intoxicated and testified that he had not crashed into the home. ***Id.*** The trial court convicted the defendant of DUI and sentenced him to one year of probation. ***Id.*** The trial court additionally ordered the defendant to make restitution to the victim. ***Fuqua***, 407 A.2d at 25. The defendant argued the record did not support the order of restitution, because the court had failed to make a specific finding that the property damage sustained by the victim

was a direct result of the defendant's crime of DUI. *Id*. at 27-28. On appeal, this Court affirmed the sentence of restitution:

> Our own review of the record discloses that the court below did indeed fail to make such a finding on the record. Normally, where the lower court fails to support its sentence on the record, we will vacate the sentence and remand for resentencing. In this case, however, the evidence is clear that the order of restitution was for the damages to the [victim's] house; the lower court did find that [the defendant] did in fact collide with the house and cause the damage to the front porch and foundation. While the lower court should have specifically found that this damage was a direct result of [the defendant]'s crime of driving while under the influence, to remand for resentencing would be a useless procedural exercise. The missing specific finding is unmistakeably [*sic*] implied in the findings that the court did make.

*Id*. at 28 (citations omitted).

Subsequently, in **Commonwealth v. Walker**, 666 A.2d 301 (Pa. Super. 1995), the defendant pled guilty to two counts of DUI. **Id.** at 303. The charges arose from a two-car collision in which two occupants of the other vehicle were severely injured. **Id.** The trial court ordered the defendant to pay restitution as a part of the sentence. **Id.** at 304. On appeal, he argued, in pertinent part, that "restitution is not proper where there is insufficient evidence that the victim's injuries directly resulted from the crime[.]" **Id.** at 307. Finding **Fuqua** controlling, a panel of this Court concluded as follows:

> Although the evidence relied upon by the trial court did not arise during trial because of [the defendant]'s guilty plea, nevertheless, in language … at the sentencing hearing, the court found that [the defendant]'s driving while under the influence was a substantial factor in causing the injuries to the victims.

> Just as this finding of causation supports the sentencing court's decision to apply the enhanced sentencing guideline, it likewise supports the court's decision to impose restitution.

*Id.* at 309 (citation omitted). Thus, in **Walker**, the trial court expressly found, at the sentencing hearing, that the defendant's driving under the influence was a substantial factor in causing the victims' injuries. **See id.**

At the sentencing hearing in the instant case, the trial court stated the factual bases for Langston's guilty plea as follows:

> In this case as to Count 1, the Commonwealth would have to prove that on the date charged—that on the date charged[,] you operated or were in physical control of a vehicle on the highways of the Commonwealth of Pennsylvania at a time when you were under the influence of alcohol or a controlled substance to the point that it rendered you incapable of safe driving[,] and that you refused to submit to a blood or breath test ….
>
> * * *
>
> On count 4[,] [the Commonwealth has] to prove that on the date charged, you operated or were in physical control of a vehicle at a time when your suspension was—when your license was under suspension for a DUI-related offense….

N.T., 2/10/17, at 14, 15. At the hearing, the trial court additionally asked whether Langston stipulated to the facts set forth in the "affidavit." **Id.** at 18. Through his counsel, Langston so stipulated. **Id.**

Our review of the record discloses only one "affidavit" of record, the Affidavit of Probable Cause. The Affidavit, to which Langston stipulated, states that Police Officer Joseph Mazzone ("Officer Mazzone") was dispatched to the scene of an accident, where a vehicle had struck *an unoccupied vehicle*, then fled the scene. Affidavit of Probable Cause, 7/13/16. The

- 7 -

Affidavit further identified Langston's license plate number as the license plate number of the fleeing vehicle, as reported by a witness, and a description of the driver. *Id.* Officer Mazzone followed a vehicle fluid trail from the accident scene to 139 Oakley Road, at which time he found a heavily damaged vehicle, matching the license plate and description given at the accident scene. *Id.* Officer Mazzone also found Langston, who matched the description provided at the accident scene. *Id.* Langston was placed into custody for leaving the scene of an accident, where an unoccupied vehicle had been struck. *Id.*

Finally, we note that at the sentencing hearing, as a part of his negotiated sentence, Langston expressly agreed to pay restitution of $22,222.24 to USAA, and $962.53 to Anderson. N.T., 2/10/17, at 12, 14.

We conclude that Langston's agreement to restitution, the amount of the restitution, and the person and entity receiving restitution, coupled with Langston's stipulation to the facts of the Affidavit, are sufficient to establish that the restitution sentence is for damages that were the direct result of Langston operating his vehicle "after imbibing a sufficient amount of alcohol such that [he was] rendered incapable of safely driving." 75 Pa.C.S.A. § 3802(a)(1). Thus, it is impossible to separate Langston's driving under the influence from the damages sustained by the Anderson and USAA. *See Walker*, 666 A.2d at 310. For these reasons, we conclude that Langston's claim is without merit.

Langston next claims that his sentence of restitution is illegal, as USAA's subrogee is not a "victim" under the CVA.[4]  Brief for Appellant at 12. Langston acknowledges that USAA paid money to Anderson.  **Id.** at 14. Langston relies upon the definitions of victim set forth in 18 Pa.C.S.A. §§ 11.103 and 11.701 in arguing that USAA is not a statutory victim.  **Id.** Langston asserts that USAA could be a victim only if the record is developed to prove the loss and the value of that loss.  **Id.** at 15.

In its Opinion, the trial court addressed this claim and concluded that it lacks merit.  **See** Trial Court Opinion, 6/28/17, at 3-6.  We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis as to Langston's second claim.  **See id.**

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18

---

[4] As part of this claim, Langston again asserts that the underlying Vehicle Code offenses "do not have elements that directly caused the property damage."  **Id.**  As we explained *supra*, this claim lacks merit.

 

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          1295 EDA 2017

v.

NO.  CP-23-CR-0005535-2016

WALTER EDWARD LANGSTON II

Kimberly Riley, Esquire, Attorney for the Commonwealth
Rich Blasetti, Esquire, Attorney for the Appellant

## OPINION

Nilon, J.                                                    Filed: June 26, 2017

Walter Edward Langston, II, hereinafter "Appellant," argues that he is entitled to relief

from the portion of his negotiated guilty plea sentence imposing restitution to USAA Insurance

Company because said beneficiary is not a victim pursuant to the Crime Victims Act.

Appellant's contention is meritless.

## FACTUAL HISTORY:

On July 12, 2016, Officer Joseph Mazzone of the Upper Darby Police Department

responded to a call from dispatch reporting an accident in the area of State Road and Parkview

Avenue. The officer, in the Affidavit of Probable Cause, set forth the following:

Dispatch informed the responding officers that the striking vehicle was fleeing the scene

of the accident, and gave the officers the vehicle's license plate number. A witness also

described the driver of the striking vehicle as a tall white male with tattoos on his arms and neck,

who was wearing a red t-shirt. The witness further described the vehicle as having a flat front

driver's side tire and heavy damage to the driver's side; information gathered from the license

plate number informed officers that the vehicle in question was a Buick LeSabre registered to

139 Oakley Road, Upper Darby, Pennsylvania. Upon his arrival at the scene of the accident,

1

Officer Mazzone observed a "fluid and scrape trail" leading from the scene to 139 Oakley Road (about 0.25 miles), where a Buick LeSabre was parked. The vehicle had damage matching that described by the witness, and the license plant number matched that given by dispatch.

Officers Mazzone and Tarozzi attempted to make contact with the residents of 139 Oakley Road and a male matching the witness's description answered the door. During conversation with the male, identified as Appellant, the officers observed the strong smell of alcohol on Appellant's breath. When asked who was operating the vehicle at the time the accident occurred, Appellant responded that he did not know. The witness from the accident scene was brought to 139 Oakley Road and identified Appellant as the individual operating the vehicle at the time of the accident. Appellant was then placed into custody for leaving the scene of an accident where an occupied vehicle was struck. Appellant was read verbatim the PennDOT DL-26B(6-16) form, and asked to submit to a chemical blood test. Appellant refused the blood test and also refused to sign the form stating that he refused the test. Appellant was then brought to Upper Darby Police Headquarters where he was processed; it was then discovered that Appellant's driver's license was suspended for DUI-related offenses.

## PROCEDURAL HISTORY:

Appellant was arrested on July 12, 2016. Informations were filed by the Commonwealth on September 28, 2016, charging Appellant with: (1) DUI: General Impairment/Incapable of Driving Safely, Second Offense[1]; (2) Accident Involving Damage to an Attended Vehicle or Property[2]; (3) Not Yielding at a Roadway[3]; and (4) Driving with a Suspended

---

[1] 75 Pa. C. S. §3801(a)(1)
[2] 75 Pa. C. S. §3743(a)
[3] 75 Pa. C. S. §3324

2

License/Revocation Pursuant to Section 3802/1547(b)(1)[4]. Appellant entered into a negotiated guilty plea with the Commonwealth to Counts One and Four on February 10, 2017.

Appellant's sentence included incarceration time, fines, and restitution. The restitution was to be paid to USAA Insurance in the amount of $22,222.24 and to the direct victim in the amount of $962.53. (N.T. 2/10/17, p. 12). Appellant filed a timely Motion for Reconsideration of Sentence, which was heard on March 17, 2017 and denied on the grounds that the restitution was part of the negotiated guilty plea and not eligible for reconsideration of sentence in this context. (N.T. 3/17/17, p. 9). Appellant was advised he could submit an appeal on the matter. (N.T. 3/17/17, pp 14-15). Appellant subsequently filed this timely appeal.

**DISCUSSION:**

Appellant raises one sole issue in this appeal: **Whether the restitution order is illegal because an insurance company, the putative beneficiary of restitution here, is not a victim pursuant to the Crime Victims Act.**

There are three inherent flaws in Appellant's argument: (1) 18 Pa. C. S. §1106 is explicitly clear in the requirement that a court *shall* order a defendant to pay restitution to an insurance company if that insurance company has compensated the victim of a crime for her loss; (2) under 18 P. S. §11.701, to which Appellant's plea counsel cites during the hearing on the Motion for Reconsideration of Sentence, the insurance company in question is a party qualified to receive benefit; and (3) Appellant agreed to the terms of the restitution as he entered into a negotiated guilty plea. (N.T. 3/17/17, pp. 16-17).

The Pennsylvania Superior Court interpreted the language of 18 Pa. C. S. §1106 in *Commonwealth v. Stradley*, 50 A.3d 769 (Pa. Super. 2012). There, a defendant charged with the same DUI charges to which Appellant pleaded guilty also entered into a negotiated guilty plea

---

[4] 75 Pa. C. S. §1543(b)(1)

3

with the Commonwealth, the sentence for which included restitution. *Id.* at 770. The restitution was in the amount of $7900.00, but the sentencing court did not specify the beneficiary. *Id.* In response, the defendant filed a motion to vacate the restitution order, including exhibits from the insurance company in the case showing that it had already paid the victim the $7900.00 to cover her property damage incurred as a result of the accident. *Id.* The Superior Court remanded the case to the sentencing court for it to enter a restitution award in favor of the insurance company, holding that 18 Pa. C. S. §1106 unambiguously states that the court must order restitution to be paid to an insurance company by a defendant in any amount that the insurance company has already paid to the victim. *Id.* at 774. The statutory language, as noted by the Court, is clear that the sentencing court must order restitution in an amount to make the victim whole of her actual loss, and this amount is not to be reduced by any amount paid to her by her insurance company; instead, any amount paid by her insurance company is to be reimbursed to the company by the defendant. *Id.* at 773. Further, the Court notes that a sentencing court has no discretion on the matter; the statutory language requires restitution on these terms. *Id.* The Court did, however, note that the insurance company in *Stradley* never requested the defendant compensate it; the sentencing court was required to make defendant do so, but there was nothing in the statute to prevent the insurance company from returning the funds paid to the defendant, and it could do so if it wished. *Id.* at 774.

The facts of *Stradley* are so similar to the instant case that parallels need not be drawn; instead, Appellant can be substituted directly for the defendant in *Stradley* and the determination will be the same. Under 18 Pa. C. S. §1106, this Court had no discretion over how to order Appellant to pay restitution, but instead was required to order Appellant to reimburse USAA

4

Insurance in the amount of $22,222.24. (N.T. 2/10/17, p. 12). The restitution order is not illegal as Appellant claims, but is exactly aligned with the statute as written.[5]

During the hearing on the Motion for Reconsideration of Sentence, Appellant's counsel conceded that the law firm about which they were speaking, and which represents the aforementioned insurance company, is a subrogee of the victim in this case. (N.T. 3/17/17, p. 4). Counsel argued that, under 18 P. S. § 11.701, such a subrogee is not a victim as the Crime Victims Act would outline. (N.T. 3/17/17, p. 5). Specifically, counsel stated that "there is no mention in [the statute] specifically that an insurance company is a named victim. A victim here is a direct victim or an intervenor in a criminal case." (N.T. 3/17/17, p. 5). Counsel was partially correct; the statute to which he referred does not directly name insurance companies as beneficiaries under these circumstances, and direct victims and intervenors are listed as (a)(1) and (2), respectively.[6] However, subsection (a)(6) of the same lists as a person eligible for compensation "any person who assumes the obligation...incurred as a direct result of the crime."[7] In the case *sub judice*, the insurance company has assumed the obligation to pay the direct victim for property losses suffered as a result of the crimes committed by Appellant. Additionally, 18 Pa. C. S. §1106 defines "victim" to include "any insurance company that has compensated the victim for loss under an insurance contract."[8]

In Appellant's plea hearing, the Commonwealth outlined the terms of the negotiated guilty plea, including the restitution in two amounts, that which was to be paid to USAA Insurance and that which was to be paid to the direct victim. (N.T. 2/10/17, p. 12). After the

---

[5] 18 Pa. C. S. §1106(c)(1)(i) reads: "...The court *shall not* reduce a restitution award by any amount that the victim has received from an insurance company but *shall* order the defendant to pay any restitution ordered for loss previously compensated by an insurance company *to the insurance company*. (emphasis added).
[6] 18 P. S. §11.701
[7] 18 P. S. §11.701(a)(6)
[8] 18 Pa. C. S. §1106(h)

5

Commonwealth went over the terms, plea counsel and Appellant both agreed that those are the terms to which they agreed. (N.T. 2/10/17, p. 12). In Appellant's hearing on his Motion for Reconsideration of Sentence, this Court confirmed with Appellant that he entered into a negotiated plea agreement, and that at the time he entered into the agreement he understood the terms, including the amount to be paid in restitution and to whom it was to be paid. (N.T. 3/17/17, p. 14). Appellant admitted, clearly, that he did enter into the agreement understanding the terms. (N.T. 3/17/17, p. 14).

The terms of the negotiated plea agreement are legal, and were entered into with full understanding by Appellant.

**CONCLUSION:**

The Judgment of Sentence, including the order to pay restitution to USAA Insurance in the amount of $22,222.24, is legal. This Court abided by the language of the statute 18 Pa. C. S. §1106 and properly sentenced Appellant. The Judgment of Sentence should be affirmed.

BY THE COURT:

JAMES F. NILON, JR., J.