J-S58029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD JOHN PALSHA, | |
| Appellant | No. 1620 MDA 2016 |

Appeal from the Judgment of Sentence September 2, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000754-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 20, 2017**

Appellant, Edward John Palsha, appeals from the September 2, 2016 judgment of sentence entered in the Court of Common Pleas of Bradford County following his guilty plea on January 19, 2016, to one count of driving under the influence of alcohol ("DUI")-general impairment.  The trial court sentenced Appellant to six months of probation, payment of the costs of prosecution and a $300 fine, and ordered restitution in the amount of $170,224.76.  After careful review, we affirm.

At the guilty-plea hearing, Appellant testified that on July 17, 2015, he "was traveling on Milan Road" in Bradford County after "consum[ing] some alcoholic beverages, and he "went off into a ditch and clipped . . . the front side corner of a home."  N.T., 1/19/16, at 3–4.  Appellant was charged with one count each of DUI, pursuant to 75 Pa.C.S. § 3802(a)(1); DUI, pursuant

to 75 Pa.C.S. § 3802(a)(2); and the summary offenses of disregarding traffic lane, 75 Pa.C.S. § 3309, and careless driving, 75 Pa.C.S. § 3714(a). Appellant entered a negotiated guilty plea to one count of DUI pursuant to 75 Pa.C.S. § 3802(a)(2), with "the remaining counts to be dismissed at sentencing. Restitution per any Victim Impact Statement." N.T., 1/19/16, at 1.

At sentencing on June 2, 2016, the trial court noted its receipt of the pre-sentence investigation report. N.T., 6/2/16, at 2. Because Appellant had received bills that were claimed as restitution "just yesterday," and "he need[ed] time to review those," the trial court agreed to postpone the determination of restitution to a scheduled hearing on another date; in other respects, the court proceeded with sentencing. *Id*. at 1–2. Both Appellant and Deborah Nichols, the victim in this case along with her husband Dennis, offered statements at sentencing. *Id*. at 3, 5. The court imposed a sentence of six months of probation, payment of the costs of prosecution and a $300 fine, and it dismissed the remaining charges. *Id*. at 10–12. Upon request by Appellant, the court elected to receive restitution testimony of Chad Richard Holdren, a field adjustor of Millville Mutual Insurance Company ("Millville"), because the witness was present and had been subpoenaed to appear. *Id*. at 13–23. The court then continued the restitution hearing until August 2, 2016. On August 2, the Commonwealth

presented the testimony of Mrs. Nichols, who described the events of July 17, 2015, as follows:

> [The truck] hit the primary beam of the house and that's the reason why it was gonna be totaled. It knocked the house over two feet off the foundation, which in the last year it's even gone to four (4) feet off the foundation. It destroyed everything in the living room, in our office area, on our one side deck and stuff in the upstairs that we were unable to retrieve because we were told the house was condemned and we couldn't go up there to get anything else.

N.T., 8/2/16, at 5.

After the hearing on August 2, 2016, the trial court imposed an order of restitution in the amount of $170,224.76 on September 2, 2016. Trial Court Opinion, 1/3/17, at 2; Order, 9/2/16. Appellant filed a notice of appeal on September 30, 2016. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

a. Is the lower court's restitution order unsupported by the record and, therefore, illegal?

b. Does the lower court's restitution order compensate the victims for losses for which Appellant Edward Palsha ("Mr. Palsha") [has] not been held criminally accountable?

c. Did the lower court err in setting the priorities of payments as required by 18 P.S.§ 1106(c)(1)(ii)?

d. Did the lower court err in permitting the victim to introduce and admit evidence regarding the replacement costs of personal items of the victim?

Appellant's Brief at 4.[1]

"An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality . . . of sentencing." *Commonwealth v. Stradley*, 50 A.3d 769, 771–772 (Pa. Super. 2012). Moreover:

> "The primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is the offender's responsibility to repair the loss or injury as far as possible." *Commonwealth v. Solomon*, 25 A.3d 380, 389 (Pa. Super. 2011), *appeal denied*, 615 Pa. 766, 40 A.3d 1236 (2012) (quoting *Commonwealth v. Mariani*, 869 A.2d 484, 486 (Pa. Super. 2005)).
>
> "An order of restitution is a sentence, ... thus, the amount awarded is within the sound discretion of the trial court and must be supported by the record." *Commonwealth v. Boone*, 862 A.2d 639, 644 (Pa. Super. 2004).

*Commonwealth v. Biauce*, 162 A.3d 1133, 1138–1139 (Pa. Super. 2017). "In Pennsylvania restitution can be imposed either as a condition of probation or as a direct sentence." *Commonwealth v. Fuqua*, 407 A.2d 24, 26 (Pa. Super. 1979) (footnote omitted). Here, the order of restitution was a direct sentence imposed by the authority of Section 1106 of the Pennsylvania Crimes Code, 18 Pa.C.S. § 1106.

_____

[1] In the argument section of Appellant's Brief, Appellant categorizes and addresses issues b, c, and d as subsets of issue a but makes no separate argument for issue a. Therefore, we address issues b–d, above.

The sentencing court's power to impose restitution is defined in Section 1106, which provides, in pertinent part:

§ 1106. Restitution for injuries to person or property

**(a) General rule.**--Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

**(b) Condition of probation or parole.**--Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

**(c) Mandatory restitution.**—

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . . The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

(ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

> (D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

18 Pa.C.S. § 1106(a), (b), (c)(1)(i).

We recently commented on the purpose of Section 1106:

> It is abundantly clear that the expressed intent behind [18 Pa.C.S.] Section 1106(a) is to fully compensate **victims** for losses sustained as a **direct result of the actions** of a criminal offender. Moreover, this construction is consistent with those parts of the [Crime Victims Act] that may be read in *pari materia* with Section 1106, expressly providing that victims should be restored through provision of restitution . . . .

***Commonwealth v. Holmes***, 155 A.3d 69, 82 (Pa. Super. 2017) (*en banc*)

(plurality) (emphases in original; footnote omitted).

The instant order of restitution states as follows:

> **AND NOW**, this 2nd day of September, 2016, after continued sentencing hearing to determine restitution held on August 2, 2016, it is hereby Ordered as part of sentence, defendant is directed to pay restitution in the total amount of One Hundred Seventy Thousand Two Hundred Twenty-four Dollars and Seventy-six ($170,224.76) Cents to the following and for the following damages that resulted from the criminal conduct:

> > To Millville Mutual Insurance Company &
> >   Dennis and Deborah Nichols as will be determined, for:

| | |
|---|---|
| House repairs: | $127,000.00 |
| Contents destroyed | $20,595.00 |
| Temporary Housing Expense | $21,816.10 |

> > To Dennis and Deborah Nichols:

| | |
|---|---|
| American Red Cross | $335.00 |
| Direct TV damaged equipment & early cancel fee | $478.66 |

> Said restitution shall be paid in monthly amounts to be determined by the Bradford County Collections Office. Defendant is directed to contact the Bradford County Collections Office within seventy-two hours of receipt of this Order to make an appointment.

Order, 9/2/16.

Appellant argues that he did not plead guilty to an offense involving damage to the victim's property or person, and therefore, the order "is illegal." Appellant's Brief at 13. In support, he cites *Commonwealth v. Cooper*, 466 A.2d 195 (Pa. Super. 1983). Appellant acknowledges that he agreed to make restitution as part of his negotiated plea agreement but suggests "there was no . . . agreement for restitution for any property damage" he caused. Appellant's Brief at 16. He also claims that the expenses awarded did not result from his act of crashing into the victims' home. *Id*. at 16–17.

We conclude that *Cooper* is distinguishable. In that case, the defendant struck and killed a twelve-year-old child, who was riding a bicycle, but he pled guilty to only the lesser offense of leaving the scene of an accident, 75 Pa.C.S. § 3744. *Cooper*, 466 A.2d at 196. This Court noted that the defendant "did not admit that he was in any way criminally responsible for having struck the accident victim. Nor was [the defendant] charged with any offense purporting to hold him criminally responsible for the victim's death." *Id*. at 197. The *Cooper* Court vacated the order of restitution because the defendant was never held "criminally accountable for

the actions which resulted in the death of the accident victim." *Id*. That is not the case herein.

Rather, this case is akin to *Commonwealth v. Walker*, 666 A.2d 301 (Pa. Super. 1995), and *Fuqua*, 407 A.2d 24, a case the *Walker* Court relied upon. In *Walker*, the defendant struck another vehicle, thereby severely injuring two passengers in the other car. He pleaded guilty to DUI, incapable of safe driving, and DUI, alcohol greater than 0.10%, pursuant to 75 Pa.C.S. §§ 3731(a)(1) and (a)(4), respectively. We determined in *Walker* that the trial court's conclusion that the defendant's DUI was a substantial factor in causing the victims' injuries supported imposition of an order of restitution. We further held that the defendant's reliance on *Cooper* was misplaced. *Walker*, 666 A.2d at 309. This Court concluded that it was "impossible to separate [the defendant's] driving under the influence from the injuries resulting to the victims." *Id*. at 310. The Walker Court held that the defendant's criminal conduct, the drunk driving, was a substantial factor in causing the victims' injuries. *Id*.

In *Fuqua*, this Court entertained an appeal from an order of restitution entered after the defendant lost control of his car and crashed into the victim's house. The defendant was found guilty of DUI pursuant to 75 Pa.C.S. § 3731(a)(1). At the bench trial, the defendant denied being intoxicated and testified that he had not crashed into the victim's house. *Fuqua*, 407 A.2d at 25. The court sentenced him to one year of probation,

and ordered him to make restitution to the owner of the house. On appeal, the defendant in *Fuqua* made the same argument as the *Cooper* defendant, *i.e.*, because the trial court failed to make a finding on the record that the damage to the house was a direct result of the defendant's crime of DUI, a sentence of restitution was improper. This Court disagreed and held that, where the evidence was clear that the order of restitution was for damage to the victim's property, and where the trial court found that the defendant did in fact collide with the house and cause the damage, the fact that the trial court did not make a specific finding that the damage was a direct result of the defendant's drunk driving did not warrant vacating the sentence and remanding for resentencing. *Fuqua*, 407 A.2d at 28.

This Court has reiterated that Section 1106 "is clear on its face and applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable." *Commonwealth v. Barger*, 956 A.2d 458, 465 (Pa. Super. 2008) (citing *Commonwealth v. Harner*, 617 A.2d 702, 704 (Pa. 1992)). Therefore, restitution is a proper sentence if there is a "direct causal connection between the crime and the loss." *Commonwealth v. Harriott*, 919 A.2d 234, 238 (Pa. Super. 2007) (citation omitted). We have made it clear that restitution for a DUI-alcohol conviction may be imposed as part of the judgment of sentence where there is a finding by the trial court that damage occurred as the direct result of the

DUI crime or where the record clearly implies that the damage occurred as a direct result of the crime of DUI, *Fuqua*; *Walker*. Thus, we consider whether this nexus exists herein.

The trial court was adamant that the actions of Appellant crashing into the victims' house caused the damages. At the restitution hearing, the trial court stated:

> The evidence as I recall from an individual from Millville Mutual Insurance Company, the home is completely destroyed, off its foundation. I think it's only a Hundred and Twenty Thousand Dollars of coverage that these folks have on their home and the defendant destroyed it. Their rent, their care for their animals, their container, the dumpster, **all of these items are directly caused by the crash, I will find that[] the—the crash, the crash that resulted from the defendant driving under the influence**. It's not ancillary, it's **these things would not have been incurred but for the defendant's driving under the influence, driving across the yard and smashing into the victim's home.** So there's going—there's going to be some damages.

N.T., 8/2/16, at 32 (emphases added).

In its Pa.R.A.P. 1925(a) opinion, the trial court reaffirmed its finding that the damages directly resulted from Appellant's drunk driving. The trial court stated:

> The damages for which restitution was ordered [were] certainly a direct result of [Appellant's] crime. [Appellant] drove into victims' home causing substantial damage to the home itself and to the contents. As a result, victims have been unable to reside in the home until it is repaired and have incurred temporary housing expenses. Damages do not get more direct than that.

Trial Court Opinion, 1/3/17, at 4. Based on this record, we conclude that the order of restitution was proper.

- 10 -

Appellant next asserts that the trial court erred in setting the priorities of payment. Appellant's Brief at 17. This is based on 18 Pa.C.S. § 1106(c)(1)(ii), which provides:

> (ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:
>
> (A) The victim.
>
> (B) The Crime Victim's Compensation Board.
>
> (C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.
>
> (D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

18 Pa.C.S. § 1106(c)(1)(ii).

Appellant maintains that there "is absolutely no evidence of record to establish that either Millville or the [victims] have incurred or paid any repair costs." Appellant's Brief at 19–20. Appellant contends that because the testimony of Mr. Holdren, the field adjuster, indicated that Millville had paid out $94,312.80 for the house, N.T., 6/2/16, at 17, with another $23,645.87 still available, and the victim testified that they had rejected that amount, "any award of restitution to Millville is unsupported by the evidentiary record." Appellant's Brief at 20. Appellant does not cite any supporting law.

We are satisfied with the trial court's explanation, as follows:

> By virtue of 18 P.S. § 1106(c)(1)(ii), the priority of payment is set. In any event, such a failure to set priorities would not render the restitution order invalid. Restitution may be modified at any time. 18 Pa.C.S.A. §1106(c)(3) provides that "the court may at any time . . . alter or amend any order of restitution made . . ." upon information received from District Attorney, Probation or other agency. Therefore, if the Order for restitution requires modifying in order to set priorities upon learning of what the insurance company has paid the victims and what has been paid out of pocket by victims, this Court will do so.

Trial Court Opinion, 1/3/17, at 3. While the victims and Millville apparently had not yet reached a final agreement regarding the amount of the claim, 18 Pa.C.S. § 1106(c)(3) provides that:

> (3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3). As noted by the trial court, if the restitution order requires modification to set priorities upon submission of information to the court regarding the amount Millville and the victims settle upon, the trial court retains jurisdiction to do so. We conclude this issue lacks merit.

Appellant's final issue asserts that the trial court erred in admitting evidence regarding the replacement cost of the victims' personal items. Appellant's Brief at 20. Appellant contends that the evidence was "rank and inadmissible hearsay." *Id*. at 21. Appellant refers us to the victim's testimony at the restitution hearing and her submission of a list of

replacement costs for certain items of personal property. *Id*. at 21; N.T., 8/2/16, at 19–21.

This issue is waived. When the victim testified and offered an exhibit containing the list of items, Appellant's counsel stated, "I have no objection to the list, I have an objection to the—to the values assigned to them." N.T., 8/2/16, at 20. Appellant never specified further the nature of his objection, and he did not claim the evidence was hearsay. We conclude Appellant failed to preserve this issue because the objection he lodged in the trial court dealt solely with the values of the personal property, not the character of the evidence. "The rule is well settled that a party complaining, on appeal, of the admission of evidence in the [c]ourt below will be confined to the specific objection there made." *Commonwealth v. Cousar*, 928 A.2d 1025, 1041 (Pa. 2007) (quoting *Commonwealth v. Boden*, 159 A.2d 894, 900 (1960)).

Even if not waived, the issue lacks merit. As noted by the trial court:

The [c]ourt did not rely on hearsay information although the [c]ourt could have[,] given it was a restitution proceeding. Although the [c]ourt permitted the victim's estimate from a contractor stating the cost of rebuilding the home would be $356,000.00, this was not the restitution ordered. Rather, the cost of repairs of $127,000.00 as testified by the field adjuster for the insurance company was what was ordered. The [c]ourt did rely on the values assigned to the damaged contents of the home which the victim had prepared. The victim testified that she looked up values as to replacement costs on the internet. These values were admitted over [Appellant's] objection. An individual should be able to testify as to replacement costs of furnishings and personal belongings. Therefore, the [c]ourt did not rely on any inadmissible hearsay.

- 13 -

Trial Court Opinion, 1/3/17, at 4.

The trial court relied upon the in-court testimony of Mr. Holdren, the field adjuster, who was qualified to make the estimates of value. Moreover, Appellant's reliance on **Commonwealth v. Washington**, 2008 WL 11381510, 2008 Pa. Dist. & Cnty. (Chester Co. 2008), a common pleas court decision, and his claim that the "general rule is that fair market value is the standard for determining the measure of restitution" is misleading. Appellant's Brief at 21 (citing **Washington**). This Court is not bound by decisions of the court of common pleas, even if the decision is directly on point. **Goddard v. Heintzelman**, 875 A.2d 1119, 1121 (Pa. Super. 2005) (holding this Court is not bound by decisions of the court of common pleas and is free to reach contrary holdings); **Barren v. Commonwealth**, 74 A.3d 250, 254 n.2 (Pa. Super. 2013) (observing that decisions from the courts of common pleas are not binding on the Superior Court); **Commonwealth v. Palm**, 903 A.2d 1244, 1247 n.3 (Pa. Super. 2006) (same). Further, while the **Washington** Court referenced fair market value as a "standard" measure of restitution, the court actually applied replacement value in that case. **Washington**, 2008 Pa. Dist. & Cnty at ¶¶ 19–20. **Cf. Commonwealth v. Genovese**, 675 A.2d 331, 333 (Pa. Super. 1996) ("Restitution, by definition, as it relates to property damage, can be made by either the return of the original property or the payment of money **necessary to replace** . . . the property."). We have not unearthed any

relevant, binding case law that requires assignments of only fair market value in determining an amount of restitution. As the Commonwealth asserts, "Basing restitution on replacement values appears to conform to the goals of compensating victims [and] holding defendants accountable . . . ." Commonwealth's Brief at 9. We would find no merit to this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/20/2017</u>